FARMINGTON MERCANTILE COMPANY *vs.* CHICAGO, BURLING-
TON, AND QUINCY RAILROAD COMPANY.

Suffolk.    March 16, 1896. — May 22, 1896.

Present: ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Breach of Contract — Common Carrier — Presumption.*

In an action against a railroad corporation for failure safely to transport a car-load
of merchandise from Iowa to Boston, judgment is rightly entered for the de-
fendant, if it appears that the defendant made no contract to carry the mer-
chandise to Boston and to deliver it there, that it delivered the car with its
contents in good order to the connecting carrier in Chicago, that the plaintiff
conceded that the defendant's responsibility ended at Chicago, and that it was
not liable if the defective icing, which was the cause of the injury, occurred
between Chicago and Boston, and that the evidence was insufficient to determine
which of the connecting carriers was at fault, and there was no presumption
that the injury occurred while the merchandise was in the hands of the first
carrier.

CONTRACT, for failure safely to transport a car-load of eggs
and poultry from Farmington, Iowa, to Boston, via Chicago.

At the trial in the Superior Court, without a jury, before
*Mason*, C. J., it appeared in evidence that on June 17, 1892, the
plaintiff delivered to the defendant at Farmington a car-load of
eggs and poultry, in good condition, to be transported to Boston
in a refrigerator car; and that when the car reached Boston
many of the eggs were broken, and the poultry damaged.   The
judge found that the eggs were not injured through the negli-
gence of the defendant or any intermediate carrier, but were
injured by reason of improper packing or loading by the plain-
tiff, and that the poultry was delivered to the defendant corpo-
ration in good order, and was injured through the negligent
failure of some carrier having it in charge on its transit to Bos-
ton properly to ice the car in which it was carried.

It appeared that the car was sealed at Farmington with the
usual wire and lead seal, and was not opened until it reached
Boston; that the defendant hauled the car from Farmington to
Chicago, where it delivered it to the connecting carrier; and that
the plaintiff conceded that the defendant's responsibility ended

at Chicago, and that if the defective icing occurred between Chicago and Boston the defendant was not liable.

The judge found that the evidence was insufficient to determine which of the connecting carriers was at fault, and ruled that there was no presumption that the injury occurred while the goods were in the hands of the first carrier, and found for the defendant.

If the ruling was erroneous, judgment was to be entered for the plaintiff for $157.36, with interest from the date of the writ; otherwise, the judgment was to stand.

*F. C. Manchester & L. M. Friedman*, for the plaintiff.

*E. C. Perkins & F. M. Stone*, for the defendant.

ALLEN, J. The defendant made no contract to carry the plaintiff's freight to Boston and to deliver it there. If the defendant delivered the car with its contents in good order to the connecting carrier in Chicago, it discharged its duty and did all that it undertook to do. The plaintiff conceded that the defendant's responsibility ended at Chicago, and that it was not liable if the defective icing occurred between Chicago and Boston. See *Darling* v. *Boston & Worcester Railroad*, 11 Allen, 295. It was therefore incumbent on the plaintiff to prove negligence on the part of the defendant before the delivery of the car to the connecting carrier in Chicago. It sought to do this by showing that the poultry arrived in Boston in bad condition by reason of defective icing. This, the plaintiff contended, made out a *prima facie* case. But the court found that the evidence was insufficient to determine which of the connecting carriers was at fault, and ruled that there was no presumption that the injury occurred while the goods were in the hands of the first carrier. This ruling was clearly right, and the finding upon the evidence was certainly well warranted.

*Judgment for defendant affirmed.*