## CHICAGO, R. I. & P. RY. CO. v. WALKER.

### No. 1016. Opinion Filed November 14, 1911.

(119 Pac. 993.)

CARRIERS—Initial Carrier—Duty of Delivery—Termination of Liability. If a common carrier accepts freight for a place beyond his usual route, he must, unless he stipulates otherwise, deliver it at the end of his route in that direction to some other competent carrier carrying to the place of address, or connected with those who thus carry, and his liability ceases upon his making such delivery.

(Syllabus by the Court.)

*Error from Coal County Court; R. H. Wells, Judge.*

Action by T. J. Walker against the Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*C. O. Blake, H. B. Low,* and *R. J. Roberts,* for plaintiff in error.

HAYES, J. Defendant in error, hereinafter called plaintiff,

originally brought this action to recover damages for delay in the transportation of a cultivator from the town of Heavener to the town of Tupelo in this state. By his agent, plaintiff delivered the cultivator on the 21st day of March to the Kansas City Southern Railway Company at Heavener, consigned to himself at Tupelo. In being transported from Heavener to Tupelo, it was necessary for the cultivator to pass over the line of the Kansas City Southern Railway to Howe, and over the Chicago, Rock Island & Pacific Railway Company's line from Howe to Lehigh, and from Lehigh to Tupelo, either over the Missouri, Kansas & Texas Railway Company's line or over the line of the Oklahoma Central Railway Company. Plaintiff received a bill of lading from the Kansas City Southern Railway Company at Heavener, and the consignment was routed on the way-bill from Lehigh over the Oklahoma Central Railway Company's line to Tupelo. The entire transportation of this consignment occurred within the state, and is therefore an intrastate shipment. The Chicago, Rock Island & Pacific Railway Company, hereinafter called defendant, was the connecting carrier. It received the shipment from the Kansas City Southern Railway Company at Howe, about the 23rd day of March, and transported the same over its line to Lehigh and promptly delivered it to the Oklahoma Central Railway Company, the delivering carrier, to be transported to its destination; and at the same time it delivered to the agent of that company the bill of lading and papers pertaining to the shipment. For some reason, which the evidence fails to disclose, the Oklahoma Central Railway Company failed to forward the shipment, and it remained at the depot of that company in Lehigh until the 5th day of May, 1908, at which time plaintiff came to Lehigh, paid the freight charges, and took it from the depot of the Oklahoma Central Railway Company and transported it over the Missouri, Kansas & Texas Railway to Tupelo.

Plaintiff alleges in his petition, and introduced evidence to prove, that by reason of the delay in shipment he was deprived of the use of the cultivator in planting and cultivating his crops, and that because of the loss of its use he was unable to cultivate

properly his crops, and that the fair value of the use of said cultivator was from $5 to $10 per day. There was no claim for damages because of breakage or other damages done to the cultivator in shipment or because of depreciation in value or intrinsic deterioration. There was a verdict and judgment for plaintiff in the sum of $75. We have not been aided by any brief from plaintiff. The foregoing statement of facts constitutes substantially the evidence as stated in the abstract in plaintiff in error's brief, and as we gather it from reading the record itself.

Defendant asked for a directed verdict in its favor, which was denied. In this the trial court committed error.

Section 514, Comp. Laws 1909, in force in the Oklahoma Territory at the time of the admission of the state, and thereupon extended in force in the state, provides:

"If a common carrier accepts freight for a place beyond his usual route, he must, unless he stipulates otherwise, deliver it at the end of his route in that direction to some other competent carrier, carrying to the place of address or connected with those who thus carry, and his liability ceases upon making such delivery."

If this statute has been repealed or modified by any act of the Legislature subsequent to the admission of the state, such act has not been called to our attention, and we know of none. It seems applicable to the facts in this case, and to determine the liability of defendant. The delay did not occur on defendant's line of railway, but occurred after delivery by it to the delivering carrier. Under the foregoing statutes, the territorial Supreme Court held that the liability of an initial carrier ceased when it delivered the freight to a competent connecting carrier in the direction of the destination thereof. *St. L. & S. F. R. R. Co. v. McGivney*, 19 Okla. 361, 91 Pac. 693. The damages plaintiff alleges he has sustained and for which he seeks to recover, are not shown by the evidence to have resulted from the negligence of defendant in transporting the consignment over its line of railway or in delivering it to the connecting carrier, but to have oc-

curred at a time when its liability had ceased. Defendant, therefore, was entitled to an instructed verdict.

There are other errors in the record that would require a reversal of the cause, but, since the one already considered disposes of the case, it will be unnecessary to discuss them.

The judgment of the trial court is reversed, and the cause remanded, with instructions to enter judgment in favor of defendant.

All the Justices concur.