## LEWIS v. KIDD.

No. 4169.    Opinion Filed October 15, 1912.

(126 Pac. 256.)

**APPEAL AND ERROR**—Time of Taking Appeal. The right of appeal is governed by the law applicable thereto in force when the final judgment or order is rendered, and under chapter 18, p. 35, Sess. Laws 1910-11, proceedings in error in the Supreme Court must be brought within six months from the date of the rendition of the judgment or order from which the appeal is sought to be taken.

(Syllabus by the Court.)

*Error from Superior Court, Oklahoma County;*
*E. D. Oldfield, Judge.*

Action between Minerva Lewis and W. W. Kidd. From the judgment, Minerva Lewis brings error. Dismissed.

*Wilson & Tomerlin,* for plaintiff in error.

*J. M. Dodson* and *Warren K. Snyder,* for defendant in error.

DUNN, J. This case presents error from the superior court of Oklahoma county. November 22, 1911, the jury in the trial court returned its verdict, and on December 2, 1911, judgment was duly entered thereon. Motion for new trial was duly filed, which on January 2, 1912, was denied. July 9, 1912, plaintiff in error filed her petition in error and case-made in this court, and on July 31, 1912, defendant in error filed a motion to dismiss the appeal, on the ground, among others, that the appeal was not taken within six months from the rendition of the final judgment therein, and that this court is without jurisdiction to hear and determine the same. In answer to said motion, plaintiff in error urges that, although the proceedings were instituted in this court more than six months from the date of the rendition of the final judgment, said cause was commenced in the superior court at a time when the statute permitted appeals to be taken to this court within one year, and that the statute passed since the filing of said action, limiting the time within which an appeal

may be filed to six months, was not applicable, and that plaintiff in error had one full year from the date of said judgment in which to perfect an appeal.

In this contention of plaintiff in error we cannot agree. The fact that plaintiff in error instituted her action in the superior court of Oklahoma county at a time when the statute then in force required appeals to be filed within a period of one year avails her nothing, as under an act of the Legislature approved February 14, 1911 (chapter 18, p. 35, Sess. Laws 1910-11), "all proceedings for reversing, vacating or modifying judgments, or final orders shall be commenced within six months from the rendition of the judgment or final order complained of," and this court held in the case of *Rolater v. Strain*, 31 Okla. 58, 119 Pac. 992, that the right of appeal is governed by the provisions of law applicable thereto in force at the time when the judgment was rendered.

As the act above referred to was the law applicable on January 2, 1912, when the final order in this case was made, and as the appeal was not filed in this court until July 9, 1912, this court is without jurisdiction to hear and determine the same.

The cause is accordingly dismissed.

TURNER, C. J., and HAYES, WILLIAMS, and KANE, JJ., concur.