## CHICAGO, R. I. & P. RY. CO. v. DIGGS.

No. 3475.    Opinion Filed May 12, 1914.

(140 Pac. 1160.)

1. CARRIERS—Connecting Carriers—Injury to Goods—Presumptions. Where goods shipped over several connecting lines are found to be injured when they reach their destination, there is no presumption that the injury occurred while the goods were in the hands of the first carrier.

2. SAME—Initial Carrier's Liability—Termination—Statutes. If a common carrier accepts freight for a place beyond his usual route, he must, unless he stipulates otherwise, deliver it at the end of his route in that direction to some other competent carrier carrying to the place of address, or connected with those who thus carry, and his liability ceases upon making such delivery.

3.    **SAME—Injury to Freight—Notice by Initial Carrier.** If freight, addressed to a place beyond the usual route of the common carrier who first received it, is lost or injured, he must, within a reasonable time after demand, give satisfactory proof to the consignor that the loss or injury did not occur while it was in his charge, or he will be himself liable therefor.

(Syllabus by Rittenhouse, C.)

*Error from County Court, Johnston County;*
*Nick Wolfe, Judge.*

Action by L. A. Diggs against the Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

This action was brought to recover damages for delay in transportation of household goods from Milburn, Okla., to Crusher, Okla. The goods were delivered to the Chicago, Rock Island & Pacific Railway Company at their Milburn station on the 22d day of November, 1909, by L. A. Diggs, and consigned to C. C. Dues at Crusher, Okla., a town on the line of the Atchison, Topeka & Santa Fe Railway Company, and were received by the agent of the latter road on the 1st day of December, 1909, at the station of Daugherty, which was the nearest station to Crusher, Okla., at which an agent was maintained, the same being about four miles distant. Upon receipt of said household goods the agent at Daugherty notified C. C. Dues at Crusher, Okla., of the receipt of said goods, as provided by the rules of the railway company. The defendant was the initial carrier, and the Atchison, Topeka & Santa Fe Railway Company the delivering carrier, and the shipment was an intrastate one. The delivering carrier received the goods within a reasonable time after the shipment was made from Milburn.

The petition sets forth that the goods were lost, and could not be found until May, 1910; that when found the goods were at Daugherty, Okla., in the possession of the Atchison, Topeka & Santa Fe Railway Company; that the canned fruit in said shipment was frozen during the delay, the cans bursting and spilling their contents over the various goods, greatly damaging same; that the negligence charged consisted of allowing the goods to become lost and remain uncared for for a long period of time.

The agent at Daugherty testified that he received the goods on December 1, 1909, and held them until June, 1910, when they were returned to Milburn upon the order of the consignor.

*C. O. Blake, H. B. Low, R. J. Roberts,* and *W. H. Moore,* for plaintiff in error.

*P. B. H. Shearer,* for defendant in error.

Opinion by RITTENHOUSE, C. (after stating the facts as above). The record in this case is silent as to whether the injury to the household goods occurred while the same were in the possession of the initial carrier or the connecting carrier. In the absence of proof on the question as to whether the injury occurred while the goods were in possession of the initial or the connecting carrier, it will be presumed that the goods were in the same condition when delivered to the connecting carrier that they were in when received by the initial carrier, and, if the shipment was damaged when it reached its destination, there is no presumption that the injury occurred while the goods were in the hands of the initial carrier.

"Where goods shipped over several connecting lines are found to be injured when they reach their destination, there is no presumption that the injury occurred while the goods were in the hands of the first carrier." (*Farmington Mercantile Co. v. C., B. & Q. R. Co.,* 166 Mass. 154, 44 N. E. 131; *St. L. & S. F. R. Co. v. McGivney,* 19 Okla. 361, 91 Pac. 693; *St. L., I. M. & S. Ry. Co. v. Carlile,* 35 Okla. 118, 128 Pac. 690.)

It is argued by the plaintiff that inasmuch as he demanded, within a reasonable time, proof that the loss or injury did not occur while the shipment was in charge of the defendant, under section 515, Comp. Laws 1909 (Rev. Laws 1910, sec. 846), the initial carrier would be liable for such injury. We have examined the evidence of the plaintiff very carefully, and cannot find where a demand of this character was made. The evidence we are asked to construe to bring the plaintiff within the provisions of said section is as follows:

"Q. Then what? A. We started in and went back down to Milburn. Q. What did you do when you got there? A. I asked about the goods. Q. Who? A. I asked the agent. He said he

sent them off on Saturday after we telephoned. Q. Where to? A. To Crusher. * * * Q. How long did you wait for an answer? A. We waited on; I don't remember just how long; it was two or three months I reckon. Q. Before you got any word at all? A. We never did get any word or hear. Q. Did you ever get any hearing at all? A. Not from that complaint. Q. What information did Mr. Marshal ever give you? A. He never did give me none. Q. How often did you go there to the agent? A. We were down there every week or so trying to see if he could hear where they were. Q. What did he say? A. They could not find where they were."

It will be noticed that the demand made consisted of an inquiry about the goods; that is, the consignor wanted to know where the goods were, not that he wanted to lay the foundation for a damage suit against the initial carrier by demanding whether the loss or injury occurred on the initial or connecting lines, as provided by section 515, *supra,* but wanted to locate the present whereabouts of his shipment.

It was held in the case of *St. L. & S. F. R. Co. v. McGivney, supra:*

"The statute was enacted primarily for the benefit of the shipper, but, when he fails to avail himself of its conditions in the first instance, and sues the first carrier without such demand, he cannot then take advantage of its provisions after the first carrier has been put to the trouble and expense of defending an action against it."

It is evident that the plaintiff did not bring himself within the provisions of section 515, *supra,* and therefore cannot claim the benefits derived from that section.

The next question arising: "When does the liability of the initial carrier cease?" Under section 514, Comp. Laws 1909 (Rev. Laws 1910, sec. 845), it is provided:

"If a common carrier accepts freight for a place beyond his usual route, he must, unless he stipulates otherwise, deliver it at the end of his route in that direction to some other competent carrier, carrying to the place of address, or connected with those who thus carry, and his liability ceases upon making such delivery."

Under this statute the initial carrier, in accepting an intrastate shipment of freight to a point beyond its own line, must

deliver the same to the connecting carrier, and, having made such delivery, its liability ceases. *C., R. I. & P. Ry. Co. v. Walker,* 29 Okla. 856, 119 Pac. 993; *St. L. & S. F. R. Co. v. McGivney, supra; Mich. C. R. Co. v. Min. Springs Mfg. Co.,* 83 U. S. (16 Wall.) 318 (see notes), 21 L. Ed. 297; *A., T. & S. F. Ry. Co. v. Rutherford,* 29 Okla. 850, 120 Pac. 266.

The defendant, at the close of the evidence, asked for a peremptory instruction, on the theory that it was presumed from the evidence that the shipment was in the same condition when it was delivered to the connecting carrier that it was in when received by the initial carrier, and that the liability of the initial carrier ceased when a delivery was made to the connecting carrier.

The evidence offered by the plaintiff was insufficient to establish a cause of action: First, plaintiff failed to prove that the defendant, the Chicago, Rock Island & Pacific Railway Company, which was the initial carrier, lost or injured the shipment complained of; and, second, the plaintiff failed to show that a demand was made on the initial carrier for satisfactory proof that the loss or injury complained of did not occur while it was in the charge of the first carrier; and, third, plaintiff alleged and proved that the goods were delivered by the initial carrier to the connecting carrier, Atchison, Topeka & Santa Fe Railway Company, and held by said connecting carrier at Daugherty, Okla., until May, 1910.

It is therefore apparent that the plaintiff failed to prove the allegations of his petition, and, as all the legal questions involved in this cause have been heretofore decided by our own Supreme Court, we do not deem it necessary to discuss the subject further.

The cause should therefore be reversed and remanded.

By the Court: It is so ordered.