LUSK et al. v. DURANT NURSERY CO.

No. 8854—Opinion Filed Oct. 29, 1918.

1. Carriers—Connecting Carriers—Presumption as to Damage to Goods.

No presumption can arise when goods are

delivered by the connecting carrier in a damaged condition that the same occurred on the line of the initial carrier.

**2. Same—Necessity to Allege and Prove on What Line Injury Occurred—Demand Upon Initial Carrier for Information.**

To hold the initial carrier under that state of facts, the plaintiff must allege and prove that the injury or delay was caused by it unless the plaintiff complies with section 846, Rev. Laws 1910, and makes a demand upon the initial carrier for satisfactory proof as to where the injury or the delay to the shipment was caused; and then if the initial carrier fails to furnish the information, it can be held liable.

**3. Same—Insufficiency of Demand.**

The evidence in this case examined, and held, that the alleged demand of the plaintiff below upon the initial carrier was not sufficient to bring this case within the statute above quoted.

(Syllabus by Hooker, C.)

Error from County Court, Murray County; J. H. Casteel, Judge.

Action by the Durant Nursery Company against James W. Lusk et al., receivers of the St. Louis & S. F. R. Co., and the Chicago, R. I. & P. R. Co. Judgment for plaintiffs, and defendants bring error. Reversed and remanded in part and affirmed in part.

(A rehearing having been granted as to the Chicago, Rock Island & Pacific Railway Company, in an opinion filed February 17, 1920, the judgment, as to it was affirmed upon condition of a remittitur. See 77 Okla. 288, 188 Pac. 104.)

W. F. Evans, R. A. Kleinschmidt, and Fred E. Suits, for plaintiffs in error receivers of St. L. & S. F. R. Co.

Walter E. Latimer and Utterback & MacDonald, for defendant in error.

This in an action against the receivers of the St. Louis & San Francisco Railroad Company, and the Chicago, Rock Island & Pacific Railway Company, to recover damages on account of a delayed shipment of fruit trees from Durant, Okla., to Chickasha, Okla.

The shipment was delivered on October 31, 1914, to the receivers, and same was by the Chicago, Rock Island & Pacific Railway Company delivered to the consignee at Chickasha on November 12, 1914, and the nursery alleges that when same was delivered the consignment was in a damaged condition due to the delay en route which together with its inability to make delivery to its customers on November 5th, as contemplated, caused to them damages, for which it sued both companies to recover.

The shipment was routed from Durant via Madill to Holdenville, thence over the Chicago, Rock Island & Pacific Railway Company from Holdenville to Chickasha, and the shipment weighed 4,500 lbs., and the bill of lading issued contained a released valuation of $5 per cwt., in consideration of a reduced freight rate.

The petition filed against the two companies charges the delivery of said shipment for transportation and delivery to Chickasha and a disclosure to the initial carrier at Durant of the needs of the delivery of same by November 5th, for distribution to its customers, the payment of freight, the delay in shipment and the required time for delivery had same been made in a reasonable time, the damage sustained, etc.

The answer filed by the receivers was a general denial, and the further defense that said shipment was made by virtue of a contract which contained a released valuation of $5 per cwt., and that said shipment weighed only 4,500 lbs., and if plaintiff was entitled to recover, its recovery was limited to that sum, or $225.

No verified reply was filed to this answer. So under the authority of St. Louis & San Francisco R. Co. v. Dréggins, 64 Okla. 165, 166 Pac. 702, that fact was admitted, and the existence of said contract was not an issue in the case.

Judgment was had in favor of plaintiff against both carriers for $638.50, and plaintiffs in error appeal.

Only the receivers have briefed the cause, and the Chicago, Rock Island & Pacific Railway Company apparently has abandoned the appeal, as it has filed no brief.

The receivers assert that a reversal should be had: (1) Because the court erred in refusing a peremptory instruction offered by it.

This evidence fails to establish any negligence upon the part of the initial carrier or any delay in the delivery to the connecting carrier or any damage to the consignment while in its charge. It only shows that the goods were damaged somewhere between Durant and Chickasha, between the dates of receipt and delivery, and does not show when the delay occurred.

No presumption can arise, when goods are delivered by a connecting carrier in a damaged condition, that the same occurred on the line of the initial carrier. C. R. I. & P. Ry. Co. v. Diggs, 42 Okla. 183; St. L. &

S. F. R. Co. v. McGivney 19 Okla. 361, 128 Pac. 960; St. L. & S. F. R. Co. v. Carlile, 35 Okla. 118, 128 Pac. 960; M., K. & T. R. Co. v. Foote, 46 Okla. 578, 149 Pac. 223.

To hold the initial carrier, under that state of facts, the plaintiff must allege and prove that the injury or delay was caused by it, unless the shipper complies (section 846, Rev. Laws 1910), and makes a demand upon the initial carrier for satisfactory proof as to where the injury or delay to the shipment was caused.

Then if the initial carrier fails to furnish the same, it can be held liable. M., K. & T. R. Co. v. Foote, 46 Okla. 578, 149 Pac. 223; C. R. I. & P. Ry. Co. v. Diggs, 42 Okla. 183, 140 Pac. 1160. Under these authorities the act or demand of the defendant in error was not sufficient to bring this case within the statute above cited.

In the cases cited by defendant in error sustaining a judgment against the initial and connecting carriers, negligence upon the part of the initial carrier was alleged and established by the evidence, for which it clearly was liable. Not so here, as the evidence fails to show any negligence upon the part of the initial carrier. This must be done before any recovery can be had in the absence of a demand provided by section 846, Rev. Laws 1910.

The judgment against the receivers is reversed, and this cause remanded for a new trial, and as to the Chicago, Rock Island & Pacific Railway Company, the same is affirmed.

By the Court: It is so ordered.