(83 Misc. Rep. 627)

### THEOBALD v. UNITED STATES RUBBER CO. et al.

(Supreme Court, Special Term, New York County. January, 1914.)

1. PLEADING (§ 350*)—MOTION FOR JUDGMENT ON PLEADINGS—ISSUES OF FACT.
   The issues of fact raised by the pleadings cannot be determined on a motion for judgment on the pleadings.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1053, 1054, 1070–1077; Dec. Dig. § 350.*]

2. CORPORATIONS (§ 320*)—ACTION BY STOCKHOLDER—MOTION FOR JUDGMENT ON PLEADINGS—ISSUES OF FACT.
   Where the complaint, in a stockholder's action to compel the return of a certain sum to the corporation, alleges that its president, the defendant C., and his associate directors, through the form of a contract, did unlawfully retain such sum belonging to the corporation, and that the other directors permitted C. so to do, and the amended reply alleges that the contract, as well as its approval and ratification, were part of a scheme whereby C., aided by other directors, was enabled to appropriate to himself and his associates in an alleged syndicate the said sum, and denies the allegations of the answer that the entire transaction was conducted in a proper manner, and the alleged ratification at the annual meetings

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

of the defendant corporation, defendant's motion for judgment on the pleadings will be denied..

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1426–1431, 1433–1439; Dec. Dig. § 320.*]

Action by Caroline De Wolf Theobald against the United States Rubber Company and others. Motion for judgment on the pleadings. Denied.

See, also, 157 App. Div. 446, 142 N. Y. Supp. 187.

Samuel F. Hyman, of New York City, for plaintiff.

Stetson, Jennings & Russell and William B. Hornblower, all of New York City, for defendants.

COHALAN, J. Application for judgment on the pleadings. Plaintiff, as a stockholder, brings this action to compel the defendant Samuel P. Colt, the president of the defendant United States Rubber Company, and his associate directors to return to the corporation the sum of $731,289.10, alleged to have been wrongfully and unlawfully taken therefrom. No other stockholder has intervened or has become a party to the action. The defendant Colt in his answer sets up three defenses: (1) He denies the allegations of the complaint with regard to the matters complained of; (2) he pleads that the moneys paid to or retained by him were so paid or retained pursuant to an alleged contract, which was duly authorized by the board of directors of the defendant company; and (3) he asserts that there was a subsequent ratification thereof by the stockholders of the corporation. The plaintiff was directed to reply to the second and third defenses of the answer, and a further order was made by the Appellate Division requiring the plaintiff to make her reply more definite and certain. Thereupon an amended reply was served, which, with the complaint and the answer of the defendant Colt, comprise the pleadings before the court. The complaint alleges in brief that the defendant Colt and his associates, through the form of a contract—

"did wrongfully and unlawfully take and retain the said sum of $731,289.10, the property of the United States Rubber Company, and the other defendant directors willfully and knowingly permitted the said Colt to do so."

[1] These charges in terms are restated in the amended reply; and, while the reply may be subject to criticism, I am of opinion that there is not such a material variance in the allegations stated therein from the allegations of the complaint as to conclude the plaintiff. This application requires the consideration of the respective allegations of the pleadings, and not the facts to be proven thereunder; there may be in the proof a broad variance thereof from the allegations set forth in the pleadings, and I am inclined, from the learned statement of the facts as outlined by the counsel for the defendant on the argument, to consider that such may be the case. However, if there are issues of fact raised by the pleadings, these issues of fact cannot be determined on this motion. National Park Bank v. Billings, 144 App. Div. 536, 129 N. Y. Supp. 846.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[2] The defendant Colt in his defense alleges that the entire transaction was conducted in a proper and lawful manner and in accordance with the forms of law. It is claimed that the transaction was one that involved merely the exercise of the discretion vested in the board of directors of the corporation. This is put in issue by the direct allegations in the plaintiff's amended reply. In paragraph 5 thereof it is alleged—

"that the said alleged contract, * * * as well as the approval and ratification of the same, were part of a scheme or device whereby the said Colt, aided and abetted thereto by divers members of the board of directors of the United States Rubber Company, who were interested in and were members of the said alleged syndicate, and who were interested in the consummation of the said scheme, was enabled to and did take and appropriate to the use of himself and his associates in the said alleged syndicate the sum of $731,289.10 * * * which rightfully and lawfully belonged to and was the property of the United States Rubber Company."

In the third defense in his answer the defendant Colt sets forth what purports to be a ratification at the annual meetings of the corporation of the acts complained of by the stockholders. This is likewise denied in the reply. The complaint of the plaintiff is not based upon a charge that the acts of the board of directors were merely unwise or impracticable; graver questions than that of policy or expediency are raised. It is asserted that acts involving a misuse of corporate funds for personal purposes and private gain cannot be ratified by vote, even if every shareholder other than the plaintiff were favorable to a ratification thereof. Continental Securities Co. v. Belmont, 206 N. Y. 7, 99 N. E. 138; Pollitz v. Wabash R. R. Co., 207 N. Y. 113, 127, 100 N. E. 721. It is conceded that the stockholders of a corporation may ratify an act of the directors that is not void, but merely voidable. In Continental Securities Co. v. Belmont, supra, it was held:

"No such authority exists in case of an act of the board of directors which is prohibited by law, or which is against public policy. Kent v. Quicksilver Mining Co., 78 N. Y. 159. In any case where action is taken by stockholders confirming and ratifying a fraud and misapplication of the funds of the corporation, by the directors or others, the action is binding only by way of estoppel upon such stockholders as vote in favor of such approval."

That case further held:

"The direct or indirect misappropriation of assets of the corporation to his own use or benefit by an officer is incapable of being authorized or ratified by a vote or any act or omission of the majority of the stockholders. Continental Securities Co. v. Belmont, 206 N. Y. 7 [99 N. E. 138]; Von Arnim v. American Tube Works, 188 Mass. 515 [74 N. E. 680]; Russell v. Patterson Co., 232 Pa. 113 [81 Atl. 136, 36 L. R. A. (N. S.) 199]."

In the case of Pollitz v. Wabash R. R. Co., supra, in which it was held that a complaint alleging misconduct by the defendants, acting as members of a syndicate, stated a cause of action on behalf of stockholders of the corporation, the court said:

"Questions of policy of management, expediency of contracts or action, adequacy of consideration, lawful appropriation of corporate funds to advance corporate interests, are left solely to their honest and unselfish decision, for their powers therein are without limitation and free from restraint, and the exercise of them for the common and general interests of the corporation may

not be questioned, although the results show that what they did was unwise or inexpedient. It is, however, the inflexible rule that they cannot exercise the corporate powers for their private or personal advantage or gain. The law stringently and rigorously forbids to them the use or disposition of the funds or assets of the corporation for their individual enterprises or acquisition; and, for any misfeasance or breach of duty or trust resulting in damage to the corporation, they are subject to be called to account by the corporation in the appropriate action. These principles, based upon a sound public policy and morality, are so firmly fixed in our jurisprudence that they are not open to discussion, and so familiar that authorities declaring them need not be cited."

· It is true that the interest of the plaintiff in the transaction is apparently inconsiderable, but she did not ratify or consent to it. An analysis of the reply may raise no important issues of fact, but, in my opinion, they are sufficient to deny the application for judgment on the pleadings.

Motion denied, with $10 costs.