**FULLER et al. v. STOUT et al.**

No. 7954—Opinion Filed July 24, 1917.

(166 Pac. 898.)

1. Novation—Contract—Validity.

To constitute a valid written contract of novation, the instrument must be executed by at least three parties, the creditor, his immediate debtor, and intended new debtor, each of whom must have the legal capacity to execute such contract.

2. Corporations—Contracts—Acts of President.

One who, styling himself president of a corporation, executes a purported contract of novation in the name of a corporation not in existence, but in the process of formation at the time of the execution of such instrument, does not legally bind said corporation, when formed.

3. Corporations—Agent—Liability of Corporation.

In order to bind a principal by the act of a purported agent of a corporation, the burden is upon the party asserting such agency to prove such agency, and that the act of the agent was within the scope of the authority delegated to him as such agent.

(Syllabus by Collier, C.)

Error from District Court, Creek County; Wade S. Stanfield, Judge.

Action between C. W. Fuller and others and J. S. Stout and others. There was a judgment for the latter, and the former bring error. Reversed and remanded.

John G. Ellinghausen and C. W. Lively, for plaintiffs in error.

W. V. Thraves and King & King, for defendants in error.

Opinion by COLLIER, C. An action was commenced by M. S. Karcher et al. against J. S. Stout et al., and was on final trial consolidated with two other cases, one of which was C. W. Fuller et al., hereinafter styled plaintiff, against several defendants, including the American National Bank of Tulsa, hereinafter styled the bank, and J. S. Stout, hereinafter called defendant, which said bank answered and filed a cross-petition, praying the foreclosure of a mortgage given by Stout and wife to said bank, and in which the Bovaird Supply Company, hereinafter called intervener, intervened, and filed a cross-petition praying a first lien and foreclosure of the property mortgaged to said bank under a prior mechanic's and materialman's lien. The several suits were finally disposed of in the trial court, and all issues settled between all the parties at interest, except the said controversy between the bank and the intervener.

Upon a due consideration of the motion to dismiss the appeal, we feel that rule 26 of this court (47 Okla. X) has not been strictly complied with, and the brief is not invulnerable to a strict technical criticism; but we feel, and so hold, that the brief is

not so violative of said rule as to require the appeal to be dismissed.

The court made the following findings of fact:

To the answer and cross-petition of the bank was attached an Exhibit C, which reads as follows:

"Exhibit C.

"Sapulpa, Okla. Aug. 1, 1913.

"J. S. Stout, City, in Account with the Bovaird Supply Company.

Aug. 1. To balance_____$2,511.49

Credits.

Feby. 6. Check _____$100.00
12. Check _____ 800.00
May 21. Check A. Brunner__250.00
22. Mdse retd _____ 7.50 1,157.50
                                        ————————
                                        $1,353.99

"The above account is correct and accepted.

"(Signed) J. S. Stout.

"The above account is accepted, transferred, and assumed per contract.

"The Producers' Mutual Oil & Gas Co.,
"C. W. Hill, President.

"We accept the above transfer.

"The Bovaird Supply Co.,
"A. R. Davis."

The evidence discloses that on August 1, 1913, when the Exhibit C was executed, the Producers' Mutual Oil & Gas Company was not in existence, but was only in the process of formation; that Mr. Davis, who signed the paper for the Bovaird Supply Company, testified that he signed the instrument; that he did not know whether, at the time he executed the instrument, he waived the lien of the Bovaird Supply Company; that the Bovaird Supply Company had never released their lien; that Davis was not an officer of the Bovaird Supply Company; that he was an agent for the company, his work being largely in taking care of the collections. The court made the following findings of fact:

"The court finds that the Bovaird Supply Company furnished for this lease certain oil well supplies amounting to $2,362.95, and that there has been paid on these supplies amounts leaving due $1,353. The court finds that this material was furnished beginning on the 24th day of August, 1912, and the last material was furnished on the 12th day of May, 1913, and that a lien statement was filed in the office of the clerk of this court on the 19th day of May, 1913, covering the property described in the pleadings herein. The lien statement was in proper form.. The court finds that there is due $1,353.99 to

the Bovaird Supply Company. The court finds that some time subsequent to the 2nd day of April, 1913, about from the 13th to the 17th of April, 1913, Karcher & Coulter erected a rig on the premises described in the pleadings in this case, and that there is due Karcher & Coulter for the rig the sum of $595.

"Now the court finds that about the 8th day of August, 1913, along about the 1st to the 8th of August, 1913, a contract was entered into between defendant Stout and certain others whereby there was an agreement to organize what the evidence shows is the Producers' Mutual Oil Company.

"The court finds that about the 1st day of August, 1913, the Bovaird Supply Company made out a statement of the amount due it from Stout, claiming $1,353.99, and that the defendant Stout acknowledged the same to be correct by endorsement on the statement; that on said statement, and just under the name of Stout, is the following: 'The above account is accepted, transferred, and assumed per contract;' and that such statement is signed 'Producers' Oil & Gas Co., C. W. Hill, President,' and just below that on the same statement is the following 'We accept the above transfer,' and that statement is signed 'The Bovaird Supply Company., A. R. Davis.'

"The court finds that A. R. Davis was the duly authorized agent of the Bovaird Supply Company, and had authority to sign the statement on the American National Bank's Exhibit C."

The court concluded in a written opinion filed in the case, and awarded judgment accordingly: That the American National Bank of Tulsa have and recover of and from said J. S. Stout and Ethel E. Stout, his wife, or either of them, the sum of $11,864.58, with interest at the rate of 10 per cent. per annum from the date of the rendition of this judgment and decree until paid. That the sum of money claimed by the Bovaird Supply Company from the defendant J. S. Stout be "disallowed, for the reason that said sum of money so claimed was assumed to be paid by the defendant, the Producers' Mutual Oil & Gas Company, that such assumption of payment was for a valuable consideration, accepted by the said defendant the Bovaird Supply Company, and there was a complete novation of the indebtedness, and of said debtor and creditor, and a release of all claims of the Bovaird Supply Company against J. S. Stout, and a release of all liens against the said lease and leasehold estate herein named for any supplies or material advanced to said J. S. Stout, the defendant herein." That the Bovaird Supply Company take nothing by their suit against the defendant J. S. Stout and Ethel E. Stout, his wife, or either of them, or against

said lease or leasehold estate. That the Bovaird Supply Company have and recover judgment of and from said defendant Producers' Mutual Oil & Gas Company in the sum of $1,804.86, and the legal interest from date of said jujdgment and decree until paid. and all costs of said defendant in his behalf, to which said action of the court intervener duly excepted. Timely motion was made for a new trial, which was overruled, excepted to, and error brought by the intervener to this court.

The finding of facts and conclusions of law reached by the court are fully sustained by the evidence and law, save and except the finding of fact that the agreement entered into, a copy of which is attached to the answer and cross-petition of the bank, was a complete novation which is the vital question presented in the instant case so far as concerns the defendant Stout. We are of the opinion, and so hold, that under the evidence and law in this case the said agreement, a copy of which is attached to the answer and cross-petition of the bank, did not constitute a complete novation, or a novation at law, for the reason that at the time of the execution of said agreement by C. W. Hill. as president of the Producers' Mutual Oil & Gas Company, the said company was only in the embryo, did not exist, and that therefore the execution of the paper by C. W. Hill, as president of the Producers' Mutual Oil & Gas Company, was of no legal force There is no evidence in the record which shows A. R. Davis, who was a party to said instrument, was an officer of the Bovaird Supply Company, or had authority to release its lien.

It therefore clearly appears, and we so hold, that the trial court committed reversible error in holding that said paper, a copy of which is attached as Exhibit C to the answer and cross-petition of the bank, was a novation, and in rendering judgment that the Bovaird Supply Company had lost its lien by reason of such novation, and its mechanic's and materialman's lien against the property covered by said mortgage to the bank. To constitute a novation there must be a mutual agreement among the parties, the creditor, his immediate debtor, and the intended new debtor, by which the liability of the last named is accepted in the place of the original debtor in discharge of the original debt, 29 Cyc. p. 1136, c. and the very many authorities there cited. "Novation is never presumed, and must be clearly established by evidence of a discharge of the original debt. and of an express agreement or acts of the parties, clearly showing the intention to work a novation." 29 Cyc. p. 1139, c, and authorities there cited. "The condition precedent to the making of a contract of novation is that each of the parties have the legal capacity to contract."

In the instant case the contract of novation purports to have been executed by J. S. Stout, the Producers' Mutual Oil & Gas Company, and the Bovaird Supply Company. The uncontradicted evidence is that at the time of the execution of said purported contract of novation the said Producers' Mutual Oil & Gas Company was not in existence, was in a state of formation, and therefore did not have legal ability to execute said contract, and consequently said illegal contract of novation did not have the necessary contracting parties to constitute a novation, and said contract is without legal force. That a proposed corporation cannot legally act as a corporation is self-evident.

Again, the evidence is wanting to show that A. R. Davis was an officer of the Bovaird Supply Company, with authority to execute said purported contract of novation. and his uncontradicted evidence is that he did not have authority to release the lien of said company. That the Bovaird Supply Company, being a corporation, could only transact business through its agents having authority expressly given, or confirmed by implication, is too well settled to require citation of authority to support, and we think, and so hold, that the evidence is insufficient to sustain the contention that Davis, who executed the purported contract of novation in the name of the Bovaird Supply Company, had authority to bind said company as a party to said purported contract of novation.

That agency is a fact, the burden of proving which rests upon the party affirming its existence is an unquestioned cannon of the law.

This cause is reversed and remanded.

By the Court: It is so ordered.