CASSIDY et al. v. ROSE et al.

No. 14738—Opinion Filed April 7, 1925.

Rehearing Denied June 2, 1925.

(Syllabus.)

1. Corporations—Right of Shareholders to Sue to Redress Wrongs Done Corporation.

The rule is that shareholders cannot, ordinarily, sue in equity to redress wrongs done to the corporation. The ordinary remedy for such injuries is to be sought primarily through corporate action. But if the directors are guilty of a breach of trust, injurious to the corporate assets, or to the rights of the shareholders or some of them, and if the corporation refuses to institute proper proceedings to restrain or redress such injuries, one or more of the shareholders may proceed in their individual names. In such case, however, it is necessary that the petition contain averments sufficient to create an exception to the general rule, and to establish in petitioners the right to thus proceed.

2. Corporations—Suit Between Parties to Promotion Contract Made Before Incorporation—Corporation as Party.

A contract entered into between the promoters of a corporation prior to its creation is not enforceable by or against the corporation after its organization, unless it has in some way effectively adopted the contract as its own since it acquired corporate existence. In an action between the parties to such promoters' contract, the cor-

poration, in the absence of such adoption thereof, is not a proper party although the contract may have been made for its benefit.

**3. Pleading—Sufficiency on Demurrer.**

Where a pleading states any facts upon which the pleader is entitled to any relief under the law, a general demurrer should not be sustained.

Error from District Court, Oklahoma County; William H. Zwick, Judge.

Action by Carl Cassidy et al. against George L. Rose et al. for breach of a contract. From the judgment of the trial court, in sustaining defendants' demurrer to plaintiffs' petition, and dismissing the case, plaintiffs appeal. Reversed and remanded.

John B. Dudley and Herman S. Davis, for plaintiffs in error.

Everest., Vaught & Brewer (Rittenhouse & Rittenhouse, of counsel), for defendants in error.

MASON, J. This action was commenced in the district court of Oklahoma county, Okla., on May 26, 1922, by the plaintiffs in error, Carl Cassidy, J. M. Huffington, J. T. Holly, U. S. Braswell, W. W. Riley, J. H. Cunningham, J. T. Broyles, M. F. Jones, and J. H. Ring, as plaintiffs, against the defendants in error, George L. Rose, T. T. Eason, and O. E. Maple, as defendants, to recover damages for an alleged breach of a contract. The parties will hereafter be referred to a they appeared in the trial court.

It appears from the plaintiffs' petition that they and the defendant O. E. Maple were individual owners of several oil and gas leases in the Duncan oil field; that the defendants Rose and Eason, who were of the opinion that said leases would prove productive, were anxious to secure a one-half interest in said leases, and therefore, on March 18, 1918, they made a written offer to drill two wells on said leases to a depth of 2,400 feet, unless oil were found at a lesser depth. The offer was accepted by each of the plaintiffs herein. The contract provided that each of the plaintiffs should assign his oil and gas lease to Carl Cassidy, trustee; that thereafter a corporation, called the Grand State Oil Company, was to be organized, after which Cassidy was to assign said leases to the corporation. One-half of the stock of said corporation was to be issued to the plaintiffs and the defendant Maple, in proportion to the number of acres covered by the lease each assigned to the corporation. The other one-half of the stock was to be assigned to the defendants Rose and Ea-

son. The contract also provided that the corporation, when organized, should pay the rentals that subsequently became due on said leases. It also provided that the corporation should have five directors, of which the defendants Rose and Eason were to name the secretary-treasurer and vice president.

The petition then alleges that the corporation was organized; that said leases were assigned to it by Cassidy; that the defendant Rose was elected vice president, and Eason was elected secretary-treasurer; that stock was issued to each of the plaintiffs and to the defendants as provided for in said contract; that the plaintiffs paid $1,200 into the treasury of said corporation to be used in paying rentals on said leases when they became due; that said sum was a sufficient amount for this purpose; that the defendants, without authority, withdrew said funds from the treasury of the corporation and appropriated the same to their own use; that they did not pay said rentals; that said leases were thereby permitted to lapse and the entire assets of the corporation were permitted to be dissipated and the stock to become worthless.

The petition then alleges that said oil and gas leases, at the time said contract was entered into, and since that time, were located in a valuable oil producing territory and were of the reasonable cash market value of $250 per acre, and that the sole consideration for the assignment of said leases by the plaintiffs to Cassidy, and by Cassidy to the corporation, was the agreement, understanding, and promise of the defendants Rose and Eason to drill two wells to a depth of 2,400 feet.

It is then alleged that said defendants have failed, neglected, and refused to drill said wells as provided for in said contract; that, by reason of the breach of the terms of said contract in refusing, neglecting, and failing to drill said wells, and by reason of the unauthorized acts of said defendants in appropriating said money to their use and benefit, and by permitting said leases to lapse, the plaintiffs have been damaged in the sum of $85,000.

The petition then alleges that O. E. Maple was made a party defendant because he refused to join as a party plaintiff.

A copy of the contract is attached as an exhibit, the contents and purpose of which are fairly stated in the petition.

To this petition, the defendants interposed a demurrer, which was sustained by the trial court. The plaintiffs excepted to

the ruling of the court, refused to plead further, and elected to stand upon their petition, whereupon the trial court dismissed said case.

From this action of the trial court, in sustaining the defendants' demurrer, and dismissing said case, the plaintiffs have duly perfected their appeal.

From the briefs of both parties, it appears that the judgment of the trial court was based on the failure of the plaintiffs to make the Grand State Oil Company a party to said action.

If the petition stated no cause of action except such as would require the Grand State Oil Company as a party to said action in order to fully litigate the same, the demurrer of the defendants was properly sustained.

If the rights of the corporation were affected, or the conduct of the defendants, as officers thereof, caused it to lose any rights or any money, then those rights had to be protected, either by bringing suit in the name of the corporation or, if after demand and full knowledge of those rights it refused so to do, then by bringing a suit in the name of the plaintiffs for the use and benefit of said corporation and by making it a party thereto. No contention, however, is made by plaintiffs in error that either method was pursued. Were the plaintiffs attempting to recover for wrongs against the corporation?

The contract sued on herein provided that, after the assignment of the leases to the corporation, it was obligated to keep the rentals on said leases paid. The defendants were not so bound; no legal obligation rested upon any person, either plaintiff or defendant, to pay those rentals except upon the corporation. If the defendants herein, as officers of the corporation, neglected to perform their duty as such officers, and failed to pay such rentals, the wrong was against the corporation, and an action thereon against such officials could be enforced only in one of the two ways above set forth. But certainly not by the plaintiffs, as individuals, merely because they were stockholders in said corporation.

The allegation that the plaintiffs paid $1,200 into the treasury of said corporation to be used in paying the rentals on said leases, when due, and the further allegation that the defendants as officers of said company, without authority, drew such funds out of the treasury and appropriated same to their own use, were not sufficient to create a cause of action in favor of the plaintiffs. It is apparent that such funds, when appropriated, were corporate funds, and therefore the wrong was against the corporation.

If the unauthorized appropriation of these funds of the corporation, and the failure to keep the leases alive by the payment of rentals, caused the loss of the leases, the loss was a corporate loss, for the reason that the leases belonged to it, and for the further reason that it alone, under the terms of the contract, was charged with keeping the leases alive by the payment of the rentals.

In Checotah Hardware Co. v. Hensley, 42 Okla. 260, 141 Pac. 422, the third paragraph of the syllabus reads as follows:

"The rule is that shareholders cannot, ordinarily, sue in equity to redress wrongs done to the corporation. The ordinary remedy for such injuries is to be sought primarily through corporate action. But if the directors are guilty of a breach of trust, injurious to the corporate assets, or to the rights of the shareholders or some of them, and if the corporation refused to institute proper proceedings to restrain or redress such injuries, one or more of the shareholders may proceed in their individual names. In such case, however, it is necessary that the petition contain averments sufficient to create an exception to the general rule, and to establish in petitioners the right to thus proceed." See, also, Smith v. Okla. Supply Co. et al., 46 Okla. 776, 149 Pac. 879; Thompson on Corporations (2nd Ed.) sec. 3115, vol. 3; 14 Corp. Juris, sec. 1444, p. 924.

As heretofore stated, it must be borne in mind that no contention is made that the individuals who commenced this action did so for the use and benefit of the corporation or for the shareholders thereof as such.

The plaintiffs in error, however, contend that this cause is founded on the preliminary contract entered into between the plaintiffs and the defendants prior to the organization of the corporation. Counsel for plaintiffs in error also call our attention to the fact that there is no allegation to the effect, nor any fact from which such inference can be drawn, that the corporation ever adopted or ratified such contract.

It is also contended that there is no allegation which tends, in any manner, to indicate that any individual who signed the preliminary contract ever contemplated the surrender to the corporation of his interest in the preliminary contract.

It is contended by the defendants in error that the original consideration that caused the various plaintiffs to assign their leases to the corporation was paid by the issuance

of its capital stock, and that the consideration for the obligation to drill the wells was likewise paid by the corporation through the issuance of its capital stock. We cannot agree with this contention.

It is apparent from reading the contract involved herein that the plaintiffs, who were the owners of certain oil leases, were anxious to have the same tested and developed for oil and gas by having wells drilled thereon. It is also apparent from the contract that the defendants were of the opinion that the leases owned by the plaintiffs would probably prove productive, and for that reason they were anxious to secure an interest therein, and agreed to drill two wells to a depth of 2,400 feet in payment for one-half interest in said leases. The drilling of said wells by the defendants was the moving consideration for the assignment of the leases by the plaintiffs to Cassidy, who in turn assigned them to the corporation after its organization. It is true that both the plaintiffs and defendants were to accept stock from the corporation when organized, but the corporation was not a party to the preliminary contract, and under the terms of the contract and the allegations of the petition under consideration, no obligation was created in favor of the corporation and against the defendants. Under the terms of the contract, however, the defendants were, after the corporation was organized, to receive shares of stock in said corporation to the extent of $80,000.

In Sumner-May Hardware v. Scally et al. (Fla.) 62 South. 900, the first paragraph of the syllabus is as follows:

"The settled general rule is that contracts made for a corporation by its promoters prior to its creation are not enforceable by or against the corporation after its organization."

In 14 Corpus Juris, p. 256, the rule is announced as follows:

" * * * A corporation is not liable on a contract made with its promoters individually. Nor can a corporation claim the benefit of or enforce a contract made by its promoters before it acquired corporate existence, even though made in its name or for its benefit, unless it has in some way effectively adopted the contract as its own since it acquired corporate existence. The general rule applies even when promoters become, on the creation of the corporation, its only stockholders, directors, and officers."

In The Law of Promoters and the Promotion of Corporations, by Alger, p. 199, the rule is announced as follows:

"Promoters are merely persons who for purposes of their own bring about the formation of the corporation. In assuming to make contracts in its name or behalf before it comes into existence, they do not stand in a relation of agency, and they represent only themselves, inasmuch as a nonexisting body cannot have agents. Moreover, it is ordinarily the case that the body of shareholders who ultimately constitute the corporation have no connection with the promoters or their acts, and take their shares on the assumption—and the reasonable assumption—that such contracts as it may be desirable for the corporation to make will be made by it through its known and duly constituted officers or agents. Contracts made for a corporation by its promoters prior to its creation are therefore not enforceable by or against the corporation after its organization, unless its charter provides otherwise, or unless, under the doctrines held in this country, they acquire validity through acceptance, adoption, or ratification by the corporation when formed. And this is so, though the promoters become, upon the formation of the corporation, its only shareholders, directors, and officers."

The agreement of the defendants Rose and Eason to drill said wells was entered into between them, and the individual plaintiffs, but the Grand State Oil Company was not a party thereto. In fact, the corporation was not in existence at that time, and therefore could not have been a party to said contract.

There is no averment in the petition indicating that the defendants ever entered into any contractual relation with said corporation, relative to drilling said wells. The petition discloses no right of the corporation which it can enforce against the defendants with reference to drilling said wells. All such rights enforceable under the contract, belong to the individual plaintiffs, and can be enforced by them alone.

We therefore conclude that the Grand State Oil Company is a necessary party to that portion of plaintiffs' petition which attempts to state a cause of action based upon the unauthorized withdrawal of funds from the treasury of said corporation, and the consequent lapse of said leases. Said company, however, in the absence of an adoption thereof after its organization, could not recover damages for failure of the defendants to drill said wells as provided for in the preliminary or promoters' contract. Said corporation, therefore, was not a necessary party to an action based thereon.

The following rule has been announced repeatedly by this court:

"Where a pleading states any facts upon which the pleader is entitled to any relief

under the law, a general demurrer should not be sustained." Sharp Lumber Co. v. Kansas Ice Co. et al., 42 Okla. 689, 142 Pac. 1016.

We, therefore, conclude that the trial court erred in sustaining the demurrer of the defendants to plaintiffs' petition.

The judgment of the trial court is reversed, and the cause remanded, with directions to reinstate the case, overrule the demurrer and proceed further in compliance with the views herein expressed.

HARRISON, PHELPS, LESTER, HUNT. CLARK, and RILEY, JJ., concur.

Note.—See under (1) 14 C. J. pp. 924, 926, 932, 943 § § 1444, 1449, 1465. (2) 14 C. J. p. 256 § 289. (3) 31 Cyc. p. 290.