## OWENS et al. v. LYNCH et al.

No. 18297. Opinion Filed Feb. 17, 1931.

Motion to Withdraw Opinion and Grant Rehearing Denied March 10, 1931.

H. B. Martin, for plaintiffs in error.

J. B. Dudley and Kittie C. Sturdevant, for defendants in error.

Lydick, McPherren & Jordan, for defendant in error R. M. Roddie, receiver.

REID, C. In order to properly understand the questions presented by this appeal, it is necessary to examine in connection herewith the opinion of this court in the case of Riverside Oil & Refining Co. v. Lynch, 114 Okla. 198, 243 Pac. 967, for the reason that this action flows from the result of that decision. It will be observed from that opinion that the case was originally brought by S. D. Lynch and certain other minority stockholders of the Riverside Oil & Refining Company, a corporation, for the benefit of the corporation, against the Riverside Oil & Refining Company in its corporate entity, the directors and other officers and managers of the corporation, as defendants. Among the several things decided and concluded by the opinion, the judgment of the trial court rendered in favor of the plaintiffs against O. O. Owens, a defendant therein and plaintiff in error here, for the sum of $93,324.84 on one count in plaintiffs' petition and $2,500 on another one, was affirmed.

The foregoing opinion was rendered July 7, 1925, and the petition for rehearing filed by the defendants was denied December 15, 1925. An application by them to file second petition for rehearing was refused on March 2, 1926, and judgment against the defendant, O. O. Owens, on his supersedeas bond was entered on the same day, and mandate issued to the trial court on March 9, 1926.

An offshoot of this litigation then came to this court in the case of Harris, Receiver, v. Chambers, District Judge, 121 Okla. 75, 247 Pac. 695. A perusal of that case also is helpful to an understanding of this, for therein this court interpreted the effect of its mandate in affirming the original case.

Upon return of the mandate, the plaintiffs were met with the situation that, on March 4, 1926, there had been filed in the cause an instrument purporting to release the judgment against Owens as to both the foregoing amounts.

The minority stockholders bringing the original action as plaintiffs numbered about 200, and all of them, except two, on March 22, 1926, filed in the case a motion to cancel the purported release of judgment and expunge the same from the record. And on March 29th, V. V. Harris, as receiver of the Riverside Oil & Refining Company, filed a similar motion. Upon the resignation of Harris as receiver, the court, on August 13, 1926, appointed R. M. Roddie as his successor, who qualified as such on the same day.

On November 5, 1926, when the matter was reached for hearing, it appears that the receiver was present in person and by attorneys; the plaintiffs urging the motion were present by counsel; and the defendant was present in person and also represented by his attorney. Thereupon the matter proceeded to hearing, and on November 8, 1926, with such necessary parties again present and represented as before, the court found that the release was of no force and effect, wholly without consideration, and should be canceled and stricken from the files and expunged from the record, and entered its order accordingly. From this order the defendant Owens appealed.

The defendant first insists that the movants had no authority to prosecute this proceeding. The major part of the argument under this proposition attacks the right of the receiver to urge said motion. However, we have concluded that it is not necessary to discuss the question as to whether he had such right, for these reasons: The first motion was filed on March 22, 1926, by "the plaintiffs here, except W. H. McCaleb and B. F. Wilson." It therefore follows that if these plaintiffs had the right to move as they did therein, then whether the receiver had such right is of no importance. And in order to determine the question, it is necessary to here further examine the evidence, particularly as to the release. The release was dated March 1, 1926 signed "Riverside Oil & Refining Company, by G. R. LeFever, Second Vice President," and attested by R. B. Hansen, secretary. It cited the judgment against the defendant for the two amounts we stated; its affirmance by this court; that the Riverside Company had been fully compensated by the judgment debtor, released him from further liability, and further stated that the release was made pursuant to an attached resolution of the stockholders of the company.

The resolution is the foundation of the release, and fully reflects its purpose and the circumstances impelling its execution. It is so important to a complete understanding of the questions involved in this proceeding that we set it out in full as follows:

"Whereas, in a certain suit filed in the district court of Oklahoma county, state of Oklahoma, in February, 1921, by one J. B. Dudley, purporting to act for the 'minority' stockholders of the Riverside Oil & Refining

Company, a judgment for $93,324.59, and a second judgment for $2,500, was rendered against O. O. Owens and in favor of the Riverside Oil & Refining Company, by the Referee appointed to hear such case, which judgment was subsequently affirmed by one Hal Johnson, a special judge, assigned to pass upon the findings of such Referee, and

"Whereas, subsequent to such judgment, an appeal was taken therefrom to the Supreme Court of the state of Oklahoma, and in an opinion rendered February 12, 1924, the Supreme Court reversed and set aside the judgment of $93,324.59, and affirmed the judgment of $2,500 against O. O. Owens, and

"Whereas, on July 7, 1925, the Supreme Court, on rehearing, affirmed both judgments for $93,324.59, and $2,500 and directed the appointment of a receiver for the Riverside Oil & Refining Company, and

"Whereas, the books and records and all the facts incident to or connected with the transactions out of which said purported judgments arise and were rendered, are open to the stockholders, and have been fully and clearly explained to them, and

"Whereas, the stockholders, after due consideration of the allegations contained in the above-mentioned suit and the facts and proof deduced therein, and after being fully advised in the premises with respect to said judgments, find and conclude that said judgments are false, fraudulent, inequitable, unconscionable, and without merit whatsoever, and should be treated as a nullity by the corporation and not as a reality.

"Now, therefore, be it resolved by the stockholders of the Riverside Oil & Refining Company, in special meeting assembled August 31, 1925, pursuant to call and legal notice and in conformity with the by-laws of the Riverside Oil & Refining Company, that the officers and directors of said corporation are hereby directed to continue and to proceed in their efforts to have such judgments reversed, set aside, and held for naught by the Supreme Court, notwithstanding the fact that from the surface it appears that such judgments are beneficial to the company, because such judgments are not beneficial to the company, but are injurious and are unrighteous and inequitable, and the officers and directors are further authorized and directed, in the event they are ultimately unsuccessful in having such judgments reversed, set aside, and held for naught, and when in the opinion of the directors it becomes imminent such judgment will be affirmed, to refuse to proceed to collect such judgment, but to immediately fully release, relinquish and discharge the judgment debtor, O. O. Owens, from and of all liability to the Riverside Oil & Refining Company and the secretary of the Riverside Oil & Refining Company is hereby directed to attest any and all necessary releases or relinquishments and do any and all things necessary to fully and completely discharge and relieve the said O. O. Owens of any and all liability under said judgments, and the secretary is further directed to file proper forms of release of record in any court or courts or other officer of public record so as to remove any cloud upon the title to any of the property of the said O. O. Owens that might be created by such judgments, and to certify to and attach to such release a copy of this resolution, as evidence of the authority of the officers and directors and the secretary of this company to execute such releases."

This court, by its opinion filed July 7, 1925, Riverside Oil & Ref. Co. v. Lynch, 114 Okla. 198, 243 Pac. 967, as we have said, affirmed the judgment of the trial court against this defendant. It was held in that opinion that these stockholders could maintain the action. And the holding of the court in the case of Harris v. Chambers, supra, in effect, recognized their right to institute and prosecute further proceedings to establish the rights and benefits vouchsafed to them by the original judgment. We then conclude that they have a complete right in that respect, and that they can further act to remove any obstacle which seeks to obstruct their complete recovery. Their power remains until the ultimate end of the litigation which they had authority to begin and prosecute, unless deprived thereof by some fact not appearing in this case.

It is next urged that the motion should have been denied, and the plaintiffs remitted to an independent suit in equity for cancellation.

This proposition has been decided by this court adversely to the contention of the defendant, in the case of Leonard v. Ross, 56 Okla. 118, 155 Pac. 885, wherein it was said in paragraph 2 of the syllabus:

"The jurisdiction of a county court to strike an assignment of a judgment on the ground of fraud, and to vacate the satisfaction of a judgment entered thereunder, may be invoked by motion and notice to the adverse party, in the absence of an express statute requiring the bringing of an action therefor."

The court again approved this procedure in the case of Sneary v. Nichols & Shepard Co., 70 Okla. 173, 173 Pac. 366, wherein it was stated in paragraph 2 of the syllabus in this language:

"Where satisfaction of a judgment is shown to the court to have been entered without authority, the court has authority, upon motion, to expunge such satisfaction from the record." Clark v. Johnston (Cal.) 193 Pac. 864; Knaak v. Brown (Neb.) 212 N. W.

431, 51 A. L. R. 237, and numerous authorities therein cited.

The trial court did not err in permitting these plaintiffs to proceed by motion.

It is next contended that the trial court abused its discretion in refusing defendant permission to file a written response to the motion.

The plaintiffs filed their motion on March 22, 1926. The hearing on the motion began on November 5, 1926, with the defendant and his counsel present in court. The defendant had never filed any pleading to the motion, but there was no objection to his participating in the proceeding. The subsequent proceedings on the trial relating to the particular question here presented are shown by that part of the order appealed from, which is as follows:

"Whereupon the movants and the said O. O. Owens announced ready for trial, and thereupon the movants introduced their evidence and rested, to which the defendant O. O. Owens demurred, which demurrer was by the court overruled, and thereupon said defendant O. O. Owens declined to offer any evidence, but insisted that the court was without authority to summarily hear and dispose of said motions. After arguments pro and con upon this question, the court took the same under advisement until Monday, November 8, 1926, and requested that counsel submit briefs.

"On November 8, 1926, the court, on further and final consideration of the evidence, the argument of counsel, and being fully advised in the premises, finds that said purported release dated March 1, 1926, filed herein on March 4, 1926, was of no force and effect, wholly without consideration, and should be canceled and stricken from the files, and expunged from the records, and thereupon the defendant O. O. Owens orally requested leave to file a response to said motions, which request was by the court denied. To all of which the defendant O. O. Owens at the time excepted, and exceptions were by the court allowed."

The defendant did not tender with the request any answer or response to the motion, and no statement was then made to the court by counsel indicating the nature of the response the defendant desired to file. The record remains entirely silent as to the contents of the response defendant would have filed had he been permitted. The defendant did not offer any testimony at the close of plaintiffs' evidence, when his demurrer thereto had been overruled, and when he had an opportunity, and at that time made no request to file pleadings. We have found that the plaintiffs had a right to maintain this proceeding by motion. If any response by the defendant was necessary, he stood in default.

The principle of law by which the trial court should be governed under these circumstances is stated in the syllabus of Southern Surety Co. v. Jones, 90 Okla. 285, 214 Pac. 727, in this language:

"The question of permitting a defendant to plead after default is discretionary with the trial court; and its action will not be reversed unless it appears that such discretion has been abused to the manifest injury of the party complaining."

It is the duty of this defendant to bring to this court a record showing affirmatively that the court abused its discretion before he can expect a reversal for such reason. We think the governing rule for the situation here presented is stated in the syllabus of Long v. Harris, 37 Okla. 472, 132 Pac. 473, where the court said:

"Where the record shows only that a defendant, nearly a year out of time, makes verbal requests of a court to be allowed to reply to new matter alleged by a codefendant, and tenders with such request no pleading showing the nature of his reply, and makes no sufficient excuse for such long continued default, there is nothing presented by which this court can test whether or not the trial court has abused its discretion in refusing to allow the reply to be filed."

In the absence of any showing in the record as to the contents of the response the defendant wished to file, it is obvious that this court cannot hold that the trial court abused its discretion in denying the request.

The defendant says that the court was not authorized by the evidence to enter the order herein appealed from, and under this assignment contends: (a) That the stockholders at the meeting on August 31, 1925, had the right by resolution to authorize a compromise and settlement of the controversy; (b) that the stockholders by a majority vote had a right to dispose of the property of the corporation for whatever consideration they might deem sufficient, while acting in good faith; and that when property is conveyed by unanimous consent, the question of consideration is immaterial; (c) that the stockholders at said meeting ratified the acts of the defendant on which the judgment is based; (d) that execution of the release of judgment being admitted, the burden was on plaintiffs to show want of consideration.

Some of these propositions are so related they must be considered together. In connection with these questions, we have exam-

ined the original petition in the case presented by these plaintiffs as minority stockholders of this corporation, the journal entry of judgment thereon, the motion for new trial filed by defendant to set aside this judgment against him, the opinion of this court discussing the case and affirming the judgment, the opinion construing the mandate to which we have referred, and these things are each considered with the resolution authorizing the release and the release. In this connection it is to be observed that LeFever, who executed the release as vice president, was one of the officers named as defendant in the original suit.

This court by the opinion in the main case settled the right of these minority stockholders to bring and maintain the action, as we have heretofore stated. This rule, well established by the text-writers and the decisions of other courts, has long been recognized in this state. Checotah Hardware Co. v. Hensely, 42 Okla. 260, 141 Pac. 422; Smith v. Oklahoma Supply Co., 46 Okla. 776, 149 Pac. 879; Cassidy v. Rose, 108 Okla. 282, 236 Pac. 591.

The suggestion that the stockholders at the meeting on August 31, 1925, had a right to authorize the compromise and make settlement of the litigation with the defendant is answered by the fact that the resolution and the release show that the release was not executed, delivered, and placed of record as a part of a settlement and compromise of the litigation.

A compromise is an agreement with two or more persons who, to avoid a lawsuit, amicably settle their differences on such terms as they agree on. It is essential to a compromise that there be mutual concessions or yielding of opposing claims. 12 C. J. p. 314; City of Anadarko v. Argo, 35 Okla. 115, 128 Pac. 500; Gunn v. Fryberger, 71 Okla. 170, 176 Pac. 248; Cherry Bros. Trading Co. v. Rock Island Implement Co., 89 Okla. 201, 214 Pac. 559; Evans v. Irby, 100 Okla. 60, 227 Pac. 433; Scott v. Scott, 131 Okla. 144, 268 Pac. 245.

The release was made for the purpose of waiving and thus extinguishing a debt established by judgment against the defendant and due the corporation. And a settlement of this judgment would imply that the defendant thereupon paid to the corporation a valid and sufficient consideration therefor. The record refutes the idea that this was the reason and consideration for the release.

The necessary elements are lacking for the release to follow as a compromise or settlement of the judgment.

In the case of Russell v. Henry C. Patterson Co. (Pa.) 81 Atl. 136, 36 L. R. A. (N. S.) 199, the court had under consideration the authority of the stockholders to ratify, over the protest of the minority members, the action of the directors in voting certain salaries to directors, and held that, under the facts disclosed there, the right of ratification existed, but laid down this wholesome rule:

"The well-settled general rule is that any act of a board of directors may be ratified by the stockholders, which they could originally have authorized. This proposition seems to be sound in principle and supported by the authorities. Of course, this assumes that the act is not fraudulent or detrimental to the interest of the corporation. The stockholders could not bind the corporation by ratifying a contract made by the directors with the company which would fraudulently dispose of or waste the assets of the corporation. But where the contract is reasonable and fair, and a consideration has been received by the corporation, the stockholders may ratify it, and thus bind the corporation."

In the case of Continental Securities Co. v. Belmont (N. Y.) 99 N. E. 138, that court stated the rule as follows:

"The distinction between acts that can and those that cannot be confirmed and ratified is shown in the report of two frequently cited English decisions, namely, Foss v. Harbottle, 2 Hare, 461, and Bagshaw v. Eastern Union Railway Co., 7 Hare, 114. The former of these cases was limited to the approval of a legal but voidable act. In the Bagshaw Case, where the directors of a corporation had misapplied or were about to misapply certain moneys of the corporation, the court says: 'No majority of the shareholders, however large, could sanction the misapplication of this portion of the capital. A single dissenting voice would frustrate the wishes of the majority. Indeed, in strictness, even unanimity would not make the act lawful. This appears to me to take it out of the case of Foss v. Harbottle, to which I was referred. That case does not, I apprehend, upon this point go further than this: That, if the act, though it be the act of the directors only, be one which a general meeting of the company could sanction, a bill by some of the shareholders on behalf of themselves and others, to impeach that act, cannot be sustained, because a general meeting of the company might immediately confirm and give validity to the act of which the bill complains'."

And these decisions are to the same effect: Von Arnim v. American Tube Works, 188 Mass. 515, 74 N. E. 680; Godley v. Crandall & Godley Co., 212 N. Y. 121, L. R. A. 1915D, 632, 105 N. E. 818; Klein v. Independent Brewing Asso., 231 Ill. 594, 83 N. E.

434; Continental Securities Co. v. Belmont, 206 N. Y. 7, 51 L. R. A. (N. S.) 112, 99 N. E. 138, Ann. Cas. 1914A, 777; Bagshaw v. Eastern Union R. Co., 7 Hare, 114, 68 Eng. Reprint, 46; Theobald v. United States Rubber Co., 83 Misc. 627, 146 N. Y. Supp. 597; McConnell v. Combination Min. & Mill. Co., 30 Mont. 239, 104 Am. St. Rep. 703, 76 Pac. 194.

When the facts in this case are considered in connection with the foregoing principles of law, we must conclude that the stockholders, on August 31, 1925, had no authority to ratify the acts of this defendant and its other officers, which acts constituted the basis of the judgment sought to be released.

We will now consider the contention that the evidence did not overcome the presumption that the release was founded upon a sufficient consideration.

The resolution of August 31, 1925, and the release will be read and construed together, in connection with all the other evidence in the record throwing light on the circumstances surrounding the passage of the resolution and execution of the release. And all these, especially the resolution upon which the release is based, negative the idea that such release was authorized and made upon an independent consideration going to the corporation subsequent to the rendition of the judgment; but, on the other hand, affirmatively show that the purpose thereof was to destroy the fruits of the litigation begun and won by these minority stockholders. The matters and things stated in the resolution as a consideration therefor were existent, if ever, before the judgment was had, and were therefore precluded by the judgment, and could not thereafter exist as a consideration for its release.

The record clearly shows there was no valid consideration for the release, and for this reason it could not stand against the motion.

It follows from what we have said that the order and judgment of the trial court should be affirmed, and it is so ordered.

LEACH, DIFFENDAFFER, HERR, HALL, and JEFFREY, concur. BENNETT, Commissioner, concurs in result.

HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., disqualified and not participating. CLARK, V. C. J., and RILEY, J., not participating.