## STANDARD BRICK CO. v. VENETIAN BRICK CO.

No. 20983.    Opinion Filed July 12, 1932.

Rehearing Denied Oct. 18, 1932.

Malcolm E. Rosser, for plaintiff in error.

D. Haden Linebaugh and Paul Pinson, for defendant in error.

HEFNER, J. This action was begun in the district court of Muskogee county by the Venetian Brick Company against the Magnolia Brick & Tile Company, Standard Brick Company, J. W. Talton, and B. D. Newman

to recover the sum of $1,774.60 for brick and tile sold and delivered by it to the Magnolia Brick & Tile Company.

Plaintiff seeks to hold the Standard Company liable for the debt of the Magnolia Company on the theory that there was a merger of these companies together with other companies, and that the Standard took over property and assets of the Magnolia and agreed to assume its liabilities. Defendant Standard Brick Company denied that there was a merger as alleged by plaintiff; denied that it received any assets of the Magnolia Company or agreed to assume its liabilities. The Magnolia Company admitted its liability and the case was dismissed prior to trial as to defendants Talton and Newman. The case went to trial between plaintiff and Standard Brick Company, was tried to a jury and verdict and judgment entered in favor of plaintiff. Standard Brick Company appeals and contends that the evidence is insufficient to authorize a recovery against it.

The evidence shows that in July, 1927, the representatives of five corporations, namely the Standard Brick & Tile, Magnolia Brick & Tile, Builders Material Company Choctaw Brick & Gas Company, and the Atlas Brick Company, met in Little Rock, Ark., and entered into an agreement among themselves to merge these companies, and to form a new company to be known as the Standard Brick Company. It was further agreed between these parties that upon the incorporation of such new company the assets of the old companies should be transferred to it, and that it should assume their liabilities and that the new company should issue shares of its stock to the stockholders of the old companies. The evidence fails to show that the representatives of these various companies were authorized by either their board of directors or stockholders to enter into the agreement. A new corporation, known as the Standard Brick Company, was incorporated in November, 1927. The incorporators thereof consisted of stockholders of the old companies. The merger agreement entered into at Little Rock was never carried out by the new company. Some of the companies withdraw from the agreement. The Magnolia did not execute a conveyance of its assets to the new corporation, nor did that company ever issue to the stockholders of the Magnolia Company any of its stock; neither did defendant Standard Brick Company, after its organization, so far as this record shows, assume any of the debts or liabilities of the Magnolia Company. The evidence also fails to show

that any of the corporations involved in the alleged merger have transferred any of their assets to the new company. Soon after the merger agreement was entered into in July, and prior to the organization of defendant Standard Company in November, J. W. Talton, a stockholder of the Atlas Brick Company, a Mr. Startzell, a representative of the Builders Material Company, and B. D. Newman, a former employee of the Standard Brick & Tile Company, took charge of the offices of the Magnolia Company at Muskogee and changed the name on the door of the office from Magnolia Brick & Tile Company to Standard Brick Company. The old employees of the Magnolia Company continued in the employ of the business of the Magnolia Company, which was thereafter transacted in the name of Standard Brick Company. Thereafter, and prior to the incorporation of defendant Standard Brick Company, old accounts of the Magnolia Company were collected by these parties in the name of the Standard Brick Company, and the proceeds thereof applied on debts of the Magnolia Company. On August 4, 1927, also prior to the incorporation of defendant Standard Brick Company, E. E. Upton, former treasurer of the Magnolia Company, wrote a letter to plaintiff, signed "Standard Brick Company, by E. E. Upton," in which plaintiff was advised that the new company had been organized and was known as Standard Brick Company, and that it had taken over the business and assets of the Magnolia Company and had assumed its liabilities, and that arrangements would be made for the new company to take care of the old Magnolia account. After the incorporation, the Standard Company collected accounts which belonged to the Magnolia in the sum of $200, and took over certain furniture and fixtures which belonged to it.

This, in substance, constitutes the evidence upon which plaintiff seeks to hold defendant Standard Brick Company liable for the debts of the Magnolia Company. We think it insufficient. Most of the acts relied upon by plaintiff to hold defendant liable took place prior to its incorporation. Defendant, after incorporation, did not agree to assume the debts or liabilities of the Magnolia Company. No legal transfer of the assets of the Magnolia Company was ever made to defendant, nor did it issue any of its stock to the former stockholders of the Magnolia Company. It did not, after organization, adopt or ratify the merger agreement entered into at Little Rock by the representatives of the various

companies. It is therefore not liable for the debts of the Magnolia Company.

In the case of Fuller v. Stout, 66 Okla. 15, 166 P. 898, the following rule is announced:

"One who, styling himself president of a corporation, executes a purported contract of novation in the name of a corporation not in existence, but in the process of formation at the time of the execution of such instrument, does not legally bind said corporation, when formed."

In Cassidy v. Rose, 108 Okla. 282, 236 P. 591, it is said:

"A contract entered into between the promoters of a corporation prior to its creation is not enforceable by or against the corporation after its organization, unless it has in some way effectively adopted the contract as its own since it acquired corporate existence. * * *"

We think these authorities decisive against plaintiff. Thereunder defendant cannot be held liable for the debts of the Magnolia Company.

In the instant case there was no legal merger of these companies. Defendant did absorb a portion of the business of the Magnolia Company and take over a portion of its property. Such property, or its value, might therefore be reached by the creditors of the Magnolia Company in a proper proceeding but, under the issues as herein raised, no recovery can be had by plaintiff.

Plaintiff discusses the question of estoppel, and urges that, under the evidence, defendant is estopped to deny liability to it. This position cannot be sustained. Most all of the acts and conduct relied upon by it to create an estoppel occurred prior to the incorporation of defendant company. We think the facts are insufficient to create an estoppel.

The question of whether the parties who entered into the merger agreement and conducted business in the name of the Standard Brick Company, prior to its incorporation could be held liable for the debts of the Magnolia Company, is not before us, as the case was dismissed as to these parties.

The judgment as to defendant Standard Brick Company is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

RILEY, CULLISON, SWINDALL, ANDREWS and KORNEGAY, JJ., concur. CLARK, V. C. J., dissents. LESTER, C. J., and McNEILL, J., absent.

Note.—See under (1) annotation in 15 A. L. R. 1134; 30 A. L. R. 558; 39 A. L. R. 146; 7 R. C. L. 182, 183; R. C. L. Perm. Supp. p. 1925.