STATE of Oklahoma, ex rel. DEPARTMENT OF HUMAN SERVICES, on Behalf of Charlotte BOWENS, natural mother of Takody Lane Bowens, Trendon Todd Bowens, and Tikisha May Bowens, minor children, Appellant,

v.

William Lee POOR, Jr., Appellee.

No. 71900.

Court of Appeals of Oklahoma,
Division No. I.

Dec. 18, 1990.

As Corrected Jan. 14, 1991.

Paula J. Davidson, Oklahoma City, for appellant.

Amos E. Black, III, Anadarko, for appellee.

## MEMORANDUM OPINION

ADAMS, Presiding Judge:

The Department of Human Services (DHS) appeals trial court orders dismissing paternity complaints filed on behalf of Trendon Todd Bowens, born March 23, 1980, and Tikisha May Bowens, born December 10, 1981. DHS filed the complaints against William Poor, Jr. on March 18, 1987, alleging he was the natural father of these children, and seeking a declaration of paternity and past and future child support. Ruling on Poor's Motion to Dismiss, the trial court concluded the children's claims were barred by 12 O.S.1981 § 95(sixth), a general provision setting a five-year statute of limitations for actions "not hereinbefore provided for".

On appeal, DHS contends the trial court erred because: (1) Poor did not affirmatively plead the statute of limitations as a defense in his answer; (2) the applicable statute of limitations is 10 O.S.Supp.1985 § 83, which was effective October 1, 1985; and (3) a five-year statute of limitations in paternity cases is unconstitutional. Since we conclude the trial court erred in not applying 10 O.S.Supp.1985 § 83, resulting in reversal of the trial court orders, we do not address the constitutional question.

I

DHS complains that Poor never filed any pleading denominated an answer, and thus he did not properly raise a statute

694

of limitations defense. Poor first advised the trial court that he was invoking this defense when he filed his Motion to Dismiss on expressly that basis. While, technically, Poor filed no answer, the trial court treated his motion as properly raising a defense. The pleading code was adopted, primarily, to avoid the technicalities of pleading, and to move to pleadings that give fair notice of the movant's claim and the grounds upon which it rests. The trial court has always possessed the discretion to allow an answer to be filed after the prescribed time period has elapsed. *Owens v. Lynch,* 147 Okl. 298, 297 P. 223 (1931); *Southern Surety v. Jones,* 90 Okl. 285, 214 P. 727 (1923). DHS has demonstrated no prejudice caused by Poor's belated raising of this issue, and we can find no abuse of trial court discretion, particularly in light of the fact that in the initial pleading stages Poor was unrepresented by counsel. The trial court did not err in considering Poor's statute of limitations defense.

## II

Until ruled unconstitutional in *Callison v. Callison,* 687 P.2d 106 (Okla.1984), 10 O.S.1981 § 83 was the statute of limitations applicable to paternity claims of children born out of wedlock. Under its provisions, a paternity claim was barred unless brought within three years of the birth of the child. In *Callison,* the Oklahoma Supreme Court held the three-year limitation to be an unconstitutional denial of equal protection to children born out of wedlock. Following the reasoning of the United States Supreme Court in *Pickett v. Brown,* 462 U.S. 1, 103 S.Ct. 2199, 76 L.Ed.2d 372 (1983), our high court stated:

> The imposition of a three-year period within which a paternity suit must be brought restricts the right of some illegitimate children to paternal support in a way that the identical right of legitimate children is not restricted. 687 P.2d at 109.

Poor argues *Callison* removed from our law any specific statute of limitations for paternity actions, and therefore they became governed by 12 O.S.1981 § 95(sixth).[1] DHS argues these claims are covered by 10 O.S.Supp.1985 § 83. Adopted in response to *Callison,* this latter section allows a paternity action to be filed at any time prior to the child's eighteenth birthday. However, this revised section was not effective until October 1, 1985. Poor contends the amendment cannot apply retroactively to claims already in existence prior to the effective date, citing *Theis v. Board of County Commissioners of Beaver County,* 22 Okl. 333, 97 P. 973 (1908).

In *Theis,* the Court ruled the adoption of a statute prohibiting the statute of limitations from barring a counterclaim or setoff until the claim of the plaintiff was so barred did not revive setoffs or counterclaims which were barred prior to the adoption of the statute. In contrast, *Trinity Broadcasting Corp. v. Leeco Oil Co.,* 692 P.2d 1364 (Okla.1984) treated an amendment extending the statute of limitations for securities violations from two years to three years as a procedural change which may be applied retroactively. The Court specifically held the change "serves to extend the limitations period for a cause of action not barred before the effective date of the amendment." 692 P.2d at 1366. The distinguishing feature is that the *Theis* setoff was time-barred at the time the new statute was adopted. Therefore, we must conclude that unless the legislature has specifically indicated otherwise, changes in a statute of limitations do not revive claims which are already time-barred, but do extend the limitation period for claims in existence but not time-barred on the effective date of the amendment.

Applying this principle here, 10 O.S.Supp.1985 § 83 extends the limitation period for paternity claims which were not barred prior to October 1, 1985.[2] Tikisha

1. Although the *Callison* majority specifically declined to consider the question, Justice Simms, dissenting, opined that 12 O.S.1981 § 95(sixth) applies to paternity claims after *Callison.*

2. The Legislature has amended § 83 three times since 1985. See 12 O.S.Supp. 1987, 1989, and 1990. None of the amendments affect our ultimate conclusion, and the parties did not address

was born December 10, 1981. Under the five-year limitation, her claim could not be barred, if at all, prior to December 10, 1986. Obviously, her claim was not time-barred prior to the effective date of amended § 83, and the trial court erred when it did not apply those provisions. Tikisha's claim is timely, and the dismissal order must be reversed.

Trendon was born March 23, 1980, and, based upon 12 O.S.1981 § 95(sixth) alone, his claim was barred after March 23, 1985. However, 12 O.S.1981 § 96 tolls a general statute of limitations for claims of minors, giving them one year after majority in which to file. For purposes of statute of limitations, *Callison* treated paternity claims as claims of the child born out of wedlock. Similar treatment here leads us to conclude the general five-year limitation urged by Poor was tolled during Trendon's minority, and the limitation had not expired prior to October 1, 1985. Trendon is entitled to the extended period provided by § 83 as amended, and the trial court erred in dismissing his claim.

The claims of both children, being filed prior to their eighteenth birthday, are timely under 10 O.S.Supp.1985 § 83. The trial court's dismissal is reversed, and the case is remanded with instructions to proceed in accordance with the views expressed.

REVERSED AND REMANDED WITH INSTRUCTIONS.

BAILEY, J., concurs.

MacGUIGAN, J., not participating.

them in this appeal. We offer no opinion on    their effect on these or other claims.