## SPALDING v. ENID CEMETERY ASS'N.

No. 9410.—Opinion Filed Oct. 14, 1919.

(Syllabus by the Court.)

### 1. Corporations—Officers and Directors—Compensation.

Officers of a corporation, who are also directors, and who, without any agreement, express or implied, with the corporation or its owners, or their representatives, have voluntarily rendered their services, can recover no back pay or compensation therefor; and it is beyond the powers of the board of directors, after such services are rendered, to pay for them out of the funds of the corporation, or to create a debt of the corporation on account of them. But such officers, who have rendered their services under an agreement, either express or implied, with the corporation, its owners or representatives, that they shall receive reasonable, but indefinite compensation therefor, may recover as much as their services are worth; and it is not beyond the powers of the board of directors to fix and pay reasonable salaries to them after they have discharged the duties of their offices.

### 2. Same—Ratification.

The general rule must yield some of its force when applied to cases where the officer or agent had already and continuously received for several years a regular salary, legalized or ratified by the continuous acquiescence of the corporation.

### 3. Same—Evidence—Weight of.

The presumption that such services were gratuitous may be overcome by slight evidence.

### 4. Same.

Record examined, and held: 1. That the mere omission to fix the salary of the officers in the by-laws of the association was not sufficient to deprive them of the right to compensation for the reasonable value of their services. 2. That the findings of fact and conclusions of law of the referee in relation to the gate item are correct and should be sustained.

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by the Enid Cemetery Association against H. M. Spalding and another. Judgment against Spalding. Upon his death action was revived in the name of Elinor L. Spalding, administratrix, who brings error. Modified and affirmed.

P. C. Simons, for plaintiff in error.

John F. Curran and A. L. Zinser, for defendant in error.

KANE, J. This was an action in the nature of an accounting commenced by the defendant in error, plaintiff below, against H. M. Spalding, E. L. Spalding and J. A. Spalding, as defendants. As no service of summons was ever had upon J. A. Spalding, he dropped out of the case. The findings and judgment below were in favor of E. L. Spalding, and against H. M. Spalding on three of the items claimed. No appeal having been taken from the judgment in favor of E. L. Spalding, the sole remaining defendant was H. M. Spalding. Thereafter H. M. Spalding died, whereupon the action was revived

in the name of Elinor L. Spalding. his administratrix, and entitled as above in this court. For convenience, the parties will be designated "plaintiff" and "defendant," respectively, as they appeared in the trial court.

The petition of the plaintiff alleged in substance that the plaintiff was a benevolent corporation, organized under the laws of the territory of Oklahoma, owning and holding certain real estate in Garfield county, to be used as a burial ground for the dead; that the defendants H. M. Spalding, E. L. Spalding and J. A. Spalding were treasurer, president and secretary, respectively, of said corporation for many years prior to the 1st day of July, 1913, and that during all of the time prior to the 1st day of July, 1913, said defendants were members of the board of directors of said corporation; that the defendants H. M. Spalding and E. L. Spalding during their term of office unlawfully misappropriated and converted to their own use money belonging to the corporation in the sum of $6,013.65 and other and additional sums, the exact amount being unknown to the plaintiff. Wherefore, the plaintiff prayed that an accounting be had between the plaintiff corporation and the defendants, and that judgment be rendered against the said defendants for the sum of $6,013.65 and such additional sums as the evidence may disclose said defendants unlawfully misappropriated and converted to their own use, and for the costs of said action, and for such other relief as may be just and equitable in the premises.

The answer, in addition to a general denial, pleaded the three-year statute of limitations. While the petition alleged numerous fraudulent misappropriations of large sums of money belonging to the corporation, by the defendants, the findings of the referee, in favor of the plaintiff, embraced but three items, to wit: (1) A sum of money which was retained by the defendant H. M. Spalding as compensation for his services as superintendent of the cemetery for a number of years; (2) a sum of money which it was shown was paid to the secretary of the corporation as compensation for his services extending over a period of years; (3) the sum of $330 which the referee found was the difference between the reasonable value and the price paid for an iron gate purchased for the cemetery by the defendant during his term of office.

The findings and judgment entered on the first two items were based solely upon the theory that inasmuch as the laws of the state provide that the salary of the officers of a cemetery association shall be fixed by the by-laws of the corporation, it was beyond the power of the board of directors to make a valid charge for compensation for such services in the absence of such by-laws or a resolution passed by the board of directors authorizing such salary. The allowance of the third item was based upon findings of fact and conclusions of law which will be noticed later.

There was no conflict in the evidence on any material point, and there does not seem to be any serious disagreement between counsel on any particular proposition of law. It is conceded that neither the salary of the superintendent nor that of the secretary was fixed by the by-laws of the corporation or authorized in advance by resolution of the board of directors. The undisputed evidence shows that the officers of the corporation consisted of H. M. Spalding, superintendent and treasurer, E. L. Spalding, president, and J. A. Spalding, secretary, and that these persons were also the sole directors and officers of the association from 1906 to 1910. There was no express agreement or understanding that these officers were to be paid for their services, but it appears that from time to time they would make claims for services rendered which claims were allowed by the board of directors and an entry made on the minutes showing the amount allowed and the purpose for which it was allowed. There was uncontradicted evidence tending to show that the services rendered by the officers was reasonably worth the amount thus allowed them.

After finding the facts to be substantially as stated above, the referee found as a conclusion of law as follows:

"1. I am of the opinion that in order for E. L. Spalding, J. A. Spalding or H. M. Spalding to make a valid charge for salary against the Enid Cemetery Association while serving as directors or officers of said association, that express authority must be shown for the charge so made.

"2. The laws of this state authorize a salary to the superintendent of a cemetery association but provide that the salary shall be fixed by the by-laws of such corporation. As no salary for the superintendent was fixed by the by-laws of the Enid Cemetery Association and no resolution was passed by the board of directors of the Enid Cemetery Association, authorizing a payment of a salary to the superintendent, I consider the charge of $3,152 made by H. M. Spalding to the Enid Cemetery Association for his salary as superintendent, to be unauthorized and invalid and that said amount should be recovered by the Enid Cemetery Association. As the by-laws made no provision for a salary to the secretary of the Enid Cemetery Association and no salary was provided by a resolution of the directors of the Enid Cemetery Association, or the stockholders of the Enid Cemetery Association. I consider the payment of $390 made by H. M. Spalding to J. A.

Spalding as a purported salary of secretary to be unauthorized and invalid, and an amount which should be recovered by the Enid Cemetery Association."

As to the questions of law involved counsel for both parties agree that the general rule is correctly stated in Fields v. Victor Building and Loan Company, 73 Oklahoma, 175 Pac. 529, as follows:

"A president and general manager of a corporation cannot maintain an action based on a quantum meruit for past services rendered as president and manager when no compensation for such services is provided in the charter or by-laws and no compensation is fixed by any valid resolution passed prior to the rendition of such services, providing for compensation for such services."

But counsel for defendant contends that the case at bar is not governed by the general rule, but falls within one of the well-established exceptions thereto found stated in 2 Thompson on Corporations, sec. 1736. Counsel for plaintiff do not notice this contention in their brief, apparently relying for success upon the authority, Fields v. Victor B. & L. Co., supra. So in its last analysis the real question is whether the case is governed by the general rule or does it fall within one of the recognized exceptions thereto. We are of the opinion that the case falls within the exceptions mentioned by Mr. Thompson and the other authorities relied on by counsel for the defendant in his brief.

Mr. Thompson in the section of his work just referred to says:

"There is a class of cases, which, relaxing in some respects the rigid rule of the earlier cases, and establishing what may, perhaps, be called the modern doctrine of compensation, hold that the officers of a corporation may, under certain circumstances, recover compensation for their services within the line of their duties, on a quantum meruit or an implied promise to pay therefor; that where there is no prior express request, but where the services are rendered under such circumstances as to imply a promise, then the officer may recover. The presumption that the services were gratuitous may be overcome by slight evidence."

Among the cases cited by the learned author in support of the text is Nat. L. & C. Co. v. Rockland, 36 C. C. A. 370, 94 Fed. 335, where, he says and we agree with him, this rule was fully and admirably stated by a federal court thus:

"A thoughtful and deliberate consideration of this entire question, and an extended consideration of the authorities upon it, has led to the conclusion that this is the true rule: Officers of a corporation, who are also directors, and who, without any agreement, express or implied, with the corporation or its owners, or their representatives, have voluntarily rendered their services, can recover no back pay or compensation therefor; and it is beyond the powers of the board of directors, after such services are rendered, to pay for them out of the funds of the corporation, or to create a debt of the corporation on account of them. But such officers, who have rendered their services under an agreement, either express or implied with the corporation, its owners or representatives, that they shall receive reasonable, but indefinite compensation therefor, may recover as much as their services are worth; and it is not beyond the powers of the board of directors to fix and pay reasonable salaries to them after they have discharged the duties of their offices."

In the case at bar any presumption that the services were gratuitous was certainly overcome by the fact that the minutes of the corporation clearly showed that the officers were not only expecting and claiming compensation for their services, but that they had been receiving compensation therefor from the very commencement of their terms of office.

Referring to other cases which seem to be in point here, the learned author says:

"The Supreme Court of Louisiana, while recognizing the general rule that there can be no recovery of compensation for services by directors and officers in the absence of agreement, say that the rule is not without exception; that where the duties of the president or of a director are onerous and toilsome and have been performed by him, he may recover. And it was said that the rule must yield some of its force when applied to cases where the officer or agent had already and continuously received for several years a regular salary, legalized or ratified by the continuous acquiescence of the corporation. A distinction was made between the case where a president or director was suing for his salary, and where in the course of the business had retained his salary and the corporation was suing to recover the amount thus retained. In a Kentucky case it was said that: It was the right and duty of the directors to elect officers, and that it was their duty to fix a reasonable compensation for their services and that where officers had rendered services under such election, in the absence of a salary fixed by the directors, the law raised an assumption on the part of the company to pay an officer a reasonable compensation for his services. And, where, in that state, the law required the corporation, a bank, to appoint a clerk, but neither the law nor any by-law or resolution of the board fixed his compensation, it was held that he might recover in an action of assumpsit."

The cases referred to in the note are Campbell v. Lambert, 36 La. 35, and Grundy v. Pine Hill Coal Co., 10 Ky. L. 833, 9 S. W.

114, and they seem fully to sustain the doctrine laid down in the text. Other cases to the same effect are Tausig v. St. Louis & K. R. Co., 65 S. W. 969; Railroad Co. v. Richards, 8 Kan. 101.

In the case at bar, as we have seen, the office of superintendent is created by a statute which also clearly provides that his compensation shall be fixed by the by-laws, thus showing that there is nothing inherently wrong in the mere fact that these officers were being paid for their services. In these circumstances, the authorities hold that the mere omission to fix his salary does not deprive the officer rendering services for the corporation of his right to recover, the law in proper cases raising an assumpsit on the part of the company to pay a reasonable compensation for his services.

We think the foregoing authorities fully sustain the right of the superintendent and secretary to compensation for the services rendered in the circumstances disclosed by the record.

The finding of fact of the referee on the gate item is as follows:

"The defendant H. M. Spalding while acting as treasurer, superintendent and a director of the Enid Cemetery Association paid to J. A. Spalding, who was also acting as director of said corporation, the sum of $400 for a gate for the Enid Cemetery Association. The referee finds that the reasonable value of said gate was $70 and that a charge of $330 was thereby fraudulently made against the Enid Cemetery Association."

And his conclusion of law was as follows:

"I consider the payment of $400 by H. M. Spalding to J. A. Spalding for a gate for the Enid Cemetery Association to be an extortionate charge made by two directors of this corporation, was excessive to the amount of $330, which amount should be recovered by the Enid Cemetery Association."

We think this finding and conclusion are correct and should be sustained.

There is some contention that this item was barred by the three-year statute of limitations, but the findings of the referee show that it was not only fraudulently contracted but that it was fraudulently concealed from the corporation. It is true that the minutes show that the sum of $400 was paid for a gate for the cemetery, but there was nothing in the minutes tending to indicate what the true value of the gate was or the great disparity between its true value and the amount allowed, and the corporation does not seem to have been apprised of the fraud that was perpetrated upon it in this matter until about the time of the commencement of this action. These circumstances were sufficient to toll the statute of limitations.

For the reasons stated, the findings of fact and conclusions of law of the referee and the judgment entered thereon are modified as herein indicated and the cause remanded with directions to enter judgment in accordance with the views herein expressed.

All the Justices concur.