## McCULLOCH v. PERRY et al.

No. 20192.  Opinion Filed July 7, 1931.

George S. Ramsey, Edgar A. DeMeules, and Garrett Logan, for plaintiffs in error.

M. A. Dennis and Charles A. Dickson, for defendants in error.

CLARK, V. C. J.  This is an action commenced in the district court of Okmulgee county by one of the defendants in error, Harry F. Perry, against J. W. McCulloch, plaintiff in error, and also against McCulloch Oil Company, a corporation, and Perry Drilling Company, a corporation, one of the defendants in error herein, for an accounting, distribution, and liquidation of the assets of the Perry Drilling Company, a corporation, and for money judgment against J. W. McCulloch. After the issues were joined, with the consent of all the parties to the action, a referee was duly appointed to hear and report all of the evidence, to make findings of fact, conclusions of law, and to report the same to the court. At the hearing before the referee, the action was dismissed as to the McCulloch Oil Company, a corporation.

The referee made his findings of fact and conclusions of law to the court, and the court thereafter confirmed the report of the referee and rendered judgment in favor of the plaintiff below, H. F. Perry, who is defendant in error herein.

Motion for new trial was filed by the plaintiff in error herein, J. W. McCulloch, who was one of the defendants below, which motion for new trial was overruled by the court, exceptions saved, and the defendant below, J. W. McCulloch, brings the cause here for review.

The parties will be referred to herein as they appeared in the trial court.

The plaintiff alleged, in substance, in his petition that he is stockholder, director, and vice president of the defendant corporation, Perry Drilling Company; that the defendant J. W. McCulloch is a stockholder, director, and president of the defendant Perry Drilling Company; that the capital stock of the Perry Drilling Company is owned as follows:

| H. F. Perry, | 75 shares. |
| J. W. McCulloch, | 74 shares. |
| J. J. Hull, | 1 share. |

That the plaintiff has devoted his entire time to the management of the Perry Drilling Company, drilling tools and field operations; that the office and business affairs of the Perry Drilling Company have been under the supervision and direction of the defendant J. W. McCulloch herein; that the defendant J. W. McCulloch has never devoted any time to the business of, nor performed any work of, the Perry Drilling Company, but has given his entire time and attention to his oil company; that the defendant J. W. McCulloch has been president, member of the board of directors, and has had active control of the McCulloch Oil Company; that, by reason of the stock held in the Perry Drilling Company by J. W. McCulloch and to J. J. Hull, secretary, the Perry Drilling Company has refused to bring suit for accounting against the defendant J. W. McCulloch, and to bring an action against McCulloch Oil Company for indebtedness owing to it for the defendant Perry Drilling Company, and therefore the plaintiff is compelled to bring this suit in his own name. That all of the debts and liabilities of the Perry Drilling Company have been settled, except the claim of the plaintiff; that all of the assets have been sold, and the company has ceased to do business, and that its assets aggregate the sum of $32,391.14; that the defendant J. W. McCulloch has appropriated to his own use, large sums of money of the said defendant Perry Drilling Company, a corporation, over and above his just portion, share, and earnings of the said company.

Plaintiff prayed for judgment against the Perry Drilling Company and J. W. McCulloch for the sum of $19,919.67, with interest,

and for an accounting of the affairs of the Perry Drilling Company, and for such other just and proper relief in the premises; and at the close of the case, by permission of the court, amended his petition to ask for dissolution of the corporation.

After motions and demurrers were duly filed and ruled upon, the defendant J. W. McCulloch filed his separate answer by way of general denial, and admitted therein that plaintiff was a stockholder, director, and vice president of the Perry Drilling Company, and that he, J. W. McCulloch, was stockholder, director, and president of said company, and that J. J. Hull is secretary and director of the said company, and that the capital stock outstanding of the Perry Drilling Company was as set out in plaintiff's petition; admitted that ever since the organization of the McCulloch Oil Company, he has been president of said corporation and a member of its board of directors; admitted that the Perry Drilling Company has been engaged in the drilling of wells for oil and gas and earned large sums of money; alleged that he performed services for the Perry Drilling Company, and is entitled to and has received compensation over and above the dividends paid on the stock, and that he is in no wise indebted to Perry Drilling Company, nor to the plaintiff.

Perry Drilling Company, a corporation, filed answer by way of general denial.

Plaintiff, Harry F. Perry, filed a reply to the separate answer of the defendant J. W. McCulloch, denying the allegations contained therein inconsistent with plaintiff's petition, and further denied that the said J. W. McCulloch performed services of great value to the Perry Drilling Company for which he is entitled to compensation above the dividends paid on the stock, and that said J. W. McCulloch is estopped from claiming compensation for alleged services, and further alleged that the Perry Drilling Company never, by resolution either expressed or implied, agreed to pay the said J. W. McCulloch any compensation.

By agreement of all the parties, referee was appointed to hear and report upon the same to the court all findings of fact and conclusions of law, all of the evidence in said cause, and judgments thereon, which referee duly subscribed to his oath of office, and, after the hearing of said cause, made the following findings of fact and conclusions of law, to wit:

"In the month of July 1922, the plaintiff, Harry F. Perry, and the defendant J. W. McCulloch, associated themselves together as a copartnership under the firm name of Perry Drilling Company for the purpose of carrying on a drilling business in the Mid-Continent oil field with headquarters in the city of Okmulgee, Okla. The parties operated in this manner until sometime in the month of February, 1923, at which time the partnership was converted into a corporation under the laws of the state of Oklahoma with its place of business in the city of Okmulgee. The plaintiff, Harry F. Perry, defendant, J. W. McCulloch, and C. H. Smith, were the incorporators and the sole stockholders of the company, owning and holding stock in the following proportions, to wit: Harry F. Perry, 75 shares; J. W. McCulloch, 74 shares; C. H. Smith, 1 share. Later Smith's share of stock was transferred to J. J. Hull and the stock is now held in this manner.

"No profits were earned and divided by the company during the time that it operated as a partnership but large sums we.e earned under the operation of the company as a corporation, and from time to time dividends were declared and paid to the stockholders according to their respective interests.

"Upon the organization of the company, plaintiff took charge of the tools and prosecuted the operations thereof in the field and in addition to his duties in that capacity, he performed the work of a driller, running tower along with other employees of the company, and after the purchase of the second string of tools he performed the work of a tool pusher. For such labor he received from the company the usual daily wage paid for such services, a total sum of $16,570. He received no compensation for services performed in directing and managing the operation of the tools in the field, or as an officer of the company.

"The defendant J. W. McCulloch served in the capacity of president and manager of the company from the date of its organization up to the time it ceased to transact business.

"Smith, during the time he remained with the company and Hull, since he became identified therewith, have at all times been the secretary and treasurer of the company, but have received no compensation therefor.

"The one share of the capital stock of the company held by C. H. Smith was transferred to him by J. W. McCulloch out of the 75 shares which he originally owned, and upon the retirement of Mr. Smith from the company, his stock was transferred to J. J. Hull. This stock was transferred to Smith, and subsequently to Hull, so they could qualify as secretary and treasurer of the company.

"Under the partnership, no agreement

was had as to salaries for the members thereof. It was understood that after the payment of other obligations of the company and the operating expenses, the profits would be divided equally between the plaintiff and the defendant.

"Neither the charter nor the by-laws of the corporation provided compensation for any of the officers of the company, and no such compensation was ordered or directed by resolution of the board of directors, or the stockholders.

"The business of the corporation was carried on by a board of directors composed of the three stockholders, and the various transactions thereof were authorized by appropriate resolutions passed and adopted by the board of directors.

"The last drilling done by the company was completed during the month of April, 1927. In July of that year, the company sold its drilling tools and equipment, and ceased to transact the business for which it was organized. It has not since that time acquired and does not own any drilling tools and equipment necessary to carry on a drilling business.

"Sometime during the month of May, 1927, the defendant J. W. McCulloch caused the secretary and treasurer to enter upon the books and records of the company a credit of $16,570, in favor of Mr. McCulloch, for and on account of services rendered by the defendant Mr. McCulloch, as president and manager of the corporation. No resolution of the board of directors or stockholders of the corporation authorized the payment of any sum for such services.

"The corporation has no outstanding liabilities or obligations at this time.

"The stockholders are indebted to the corporation, as shown by the report of December, 1927, as follows, to wit: J. W. McCulloch $6,031.14; adding to this item $16,570, which Mr. McCulloch claims as salary, gives a total of $22,601.14; Harry F. Perry, $51.79; J. J. Hull, $500.

"The assets of the corporation include the accounts receivable, as above stated, in the sum of $23,152.93, cash in the sum of $6.82, and the Gold Debenture Bonds of the McCulloch Oil Company in the sum of $13,500, making a total of $36,504.13.

"Upon the division of the assets of the corporation, the plaintiff, Harry F. Perry, would be entitled to one-half thereof or the sum of $18,252.15 less $51.79.

"No formal written notice was given by the plaintiff to the defendant Perry Drilling Company, or to J. W. McCulloch, to institute suit, but verbal demand was made upon the defendant J. W. McCulloch, as president of the Perry Drilling Company, and individually, that plaintiff would institute suit unless settlement was made.

"No mismanagement of the corporate affairs is shown by the evidence, but, on the contrary, the officers and directors have acted in the utmost good faith and with fidelity to their trusts. This litigation is the result of a mistaken idea of the right of Mr. McCulloch to compensation for serving as president and manager of the corporation rather than a defalcation of any of the officers of the company.

"Conclusions of Law.

"The notice to institute suit was sufficient, but, under the conditions existing in this case, no notice was necessary. No request by the plaintiff to the defendant to institute suit would have been needed, and if it had been, the court would not have permitted the defendant to conduct litigation against himself.

"Copartners are not entitled to compensation for services rendered by them to the partnership. The defendant J. W. McCulloch, therefore, is not entitled to compensation for any services that he might have rendered to the Perry Drilling Company as a partnership.

"Salary or compensation of an officer of a corporation is usually fixed either by the charter, or the by-laws, or by a resolution of the board of directors or stockholders, and where no such salary or compensation has been thus fixed none can be recovered.

"The law will not imply a promise on the part of corporations to pay its officers for the performance of their usual duties.

"No provision for salary or other compensation of the president of the Perry Drilling Company having been made in the manner provided by law, the defendant J. W. McCulloch is not entitled to recover from the corporation any sum or sums of money as salary or other compensation for services, and the sum of $16,570, claimed by Mr. McCulloch as salary for services rendered the company, should be charged back to him.

"The Perry Drilling Company should be dissolved and the assets thereof distributed among the stockholders according to their respective interests.

"The plaintiff should have a decree dissolving the corporation and distributing the assets, decreeing to the plaintiff his distributive share of the assets of said corporation in the sum of $18,200.36; the Gold Debenture Bonds of the McCulloch Oil Company of the face value of $13,500 be declared the property of the plaintiff, and the same caused to be transferred to him, and that he have judgment against J. W. McCulloch for the sum of $4,700.36."

The judgment of the court thereon is as follows:

"It is, therefore, ordered, adjudged, and

decreed, by the court, that the report of the referee herein be and the same is in all things approved and confirmed.

"And it is ordered, adjudged, and decreed that the defendant J. W. McCulloch is not entitled to compensation for his services as president of Perry Drilling Company, and that the sum of $16,570, credited to him for such services be and the same is hereby charged back to said J. W. McCulloch.

"It is, therefore, ordered, adjudged, and creed, that the total assets of the Perry Drilling Company, a corporation, are in the sum of $36,504.13, and consist of Gold Debenture Bonds of the McCulloch Oil Company in the sum of $13,000; cash, $506.82; indebtedness owing the company by J. W. McCulloch in the sum of $22,601.14; J. J. Hull in the sum of $500; and H. F. Perry in the sum of $51.79.

"It is further ordered, adjudged, and decreed, that plaintiff's distributive share of the assets of the Perry Drilling company is $18,200.36.

"It is further ordered, adjudged, and decreed that the Perry Drilling Company, a corporation, be and the same is hereby dissolved, and that the assets of said Perry Drilling Company distributed as follows: That the Gold Debenture Bonds in the sum of $13,000 issued by McCulloch Oil Company and held and owned by said Perry Drilling Company, be and the same are hereby declared to be the property of plaintiff, H. F. Perry, and the president and secretary of said company are directed to deliver the same to said plaintiff, and that plaintiff have judgment therefor; together with the sum of $500 in cash, which is ordered and directed to be delivered and paid to plaintiff, and that plaintiff have and recover of and from the defendant J. W. McCulloch, judgment in the sum of $4,700.36, and for all costs of this action, including the fee and expenses of the referee in the sum of $540."

The plaintiff in error presents each and all of his assignments of error under one proposition, to wit:

"Perry and McCulloch engaged in a joint venture in which they were equally interested, and in which they were to divide what was received. The corporation was organized as a convenient method of carrying on the business of the venture. Upon the termination of the joint venture, the agreement of the parties will be recognized, the fiction of corporate entity disregarded, and distribution of assets so made that each party will have received from the joint business exactly what the other received."

The evidence disclosed that the plaintiff, Perry, and defendant McCulloch associated themselves together as a copartnership under the name of Perry Drilling Company, and operated as such for something like six or seven months, and thereafter incorporated under the Oklahoma law under the name of Perry Drilling Company; and the plaintiff took as his part one-half of the stock issued; that under the partnership no agreement was had as to salaries for the members thereof. It was understood that after the payment of the obligations of the company and the operating expenses, the profits would be divided equally between the plaintiff and defendant; that neither the charter nor the by-laws of the corporation provided compensation for any of the officers of the company, and no such compensation was ordered or directed by resolution of the board of directors, or the stockholders; that the plaintiff was vice president, stockholder, and director of the company; and defendant J. W. McCulloch was stockholder, director, and president of the company; that plaintiff had charge of the tools and prosecuted the operations of the company in the field, and also signed some contracts for work; and in addition thereto performed the work as a driller, running tower along with other employees of the company, and part of the time performed the work of a tool pusher; that the only pay he received for services was for the actual day's work of labor performed for the company, which was turned in along with the other employees' time; that plaintiff did not draw wages when the tools were not operating; that plaintiff did not receive compensation for services performed in directing and managing the operation of the tools in the field, or as an officer of the company; that the plaintiff drew the total amount of $16,570 as wages.

There was evidence showing that the defendant J. W. McCulloch assisted in the financing of the company, and secured work for the company to do, and managed the office and business part of the company; that the company had a secretary who handled the bookkeeping.

The evidence further disclosed that the defendant J. W. McCulloch was also interested and connected with the Independent Oil Company, and was also president and general manager of another company, McCulloch Oil Company, during the time he was president of the Perry Drilling Company; that the principal work performed by the Perry Drilling Company, defendant, was performed for the two companies with whom the defendant J. W. McCulloch was connected, to wit: Independent Oil Company and McCulloch Oil Company; that the company accumulated $85,000 in profits,

which was divided between plaintiff and defendant; that the defendant J. W. McCulloch borrowed from the Perry Drilling Company sums of money at various times, and at the close of the business, he owed the Perry Drilling Company the sum of $22,601.14, of which indebtedness he had credited on the books the sum of $16,570 for services, to offset the amount plaintiff, Perry, had received in wages for the actual days put in as a driller on the wells.

Without giving a further synopsis of the testimony, we hold, after a review of the record, that there is competent evidence to sustain the findings of the referee and the judgment of the court thereon.

The amount received by the plaintiff, Perry, for services was for actual daily labor. He did not receive any consideration for his services in supervising the field work and in looking after the tools and property of the company, except dividends from the company, the same as the defendant J. W. McCulloch. Therefore, in addition to the actual day's work he performed, for which he received daily wages, he performed services in the management and supervision of the field work to offset the business management of the defendant J. W. McCulloch, the said McCulloch also being interested in two other companies and manager of one of them, and the principal work performed by the Perry Drilling Company was in drilling wells for the other two companies in which the defendant McCulloch was interested.

The daily wage paid to plaintiff, Perry, was the same price paid for other help for the same class of work. The plaintiff, Perry, did not receive salary as officer of the corporation, or as superintendent of the field work.

And in the case of First Nat. Bank of Allen v. Daugherty, 122 Okla. 47, 250 Pac. 796, first paragraph of the syllabus, this court said:

"Officers of a corporation, who are also directors, and who, without any agreement, express or implied, with the corporation or its owners, or their representatives, have voluntarily rendered their services, can recover no back pay or compensation therefor."

And in the opinion, at page 48 of 122 Okla. Reports, the court said:

"Corporate offices are usually filled by those chiefly interested in the welfare of such institutions by reason of interest in stock or other advantages, and such interests are presumed to be the motive for executing duties of office without compensation."

In the case at bar, the evidence showed that there was no agreement at any time between the plaintiff and defendant, nor resolution ever passed by the board of directors of Perry Drilling Company, that defendant McCulloch should receive any compensation for his services.

And in the case of Cromwell v. Hamilton, 89 Okla. 225, 214 Pac. 694, this court said:

"Under our statute, where a referee is appointed and required to report the facts, the report has the same force and effect as a special verdict of a jury, and should not be disturbed if there is any evidence reasonably tending to support it."

A review of the record and the law applicable thereto disclosing there is competent evidence reasonably tending to support the findings of fact and conclusions of law of the referee and the judgment of the court thereon, the judgment of the trial court is affirmed.

Defendant in error has asked for judgment on the supersedeas bond given by plaintiff in error on appeal. The amount now due at this time cannot be ascertained for the reason the bond was given in part for the delivery of certain stock or bonds which may be or may not be delivered, and for this reason judgment on the supersedeas bond in this court is denied without prejudice to the rights of defendant in error to recover on the same.

LESTER, C. J., and HEFNER. SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY and CULLISON, JJ., absent.