### GAINES v. GAINES BROS. CO. et al.

No. 25089.    Feb. 4, 1936.

Rehearing Denied April 21, 1936.

Marshall W. Hinch and Frank W. Nesbitt, for plaintiff in error.

Vern E. Thompson, for defendants in error.

PER CURIAM. This appeal is from a judgment of the district court of Ottawa county. Okla., from an order sustaining an objection to the introduction of testimony on the part of the plaintiff based upon the pleadings in the case.

It was alleged by the plaintiff. Frank Gaines, that he and his brother, James Henry Gaines, organized a partnership in Ottawa county, Okla., in the year 1893 under the firm name of Gaines Brothers for the purpose of farming, stock raising, buying and selling hay, grain and other commodities and doing a general trading business; that as to the initial amount of the capital of said partnership James Henry Gaines contributed $1,000 more than the plaintiff, Frank Gaines, with the understanding that he would be reimbursed at some future date. Said partnership operated as such until the 20th day of June, 1907, when a corporation was organized with a capital stock of $40,000, divided into 1,600 shares of $25 each; that all the assets of said partnership except the real estate were transferred to the corporation and that it was understood and agreed at that time between the brothers that the $1,000 excess contribution made by James Henry Gaines at the organization of said partnership should be carried forward in the corporation as a debt owing to the said James Henry Gaines; that no corporate certificates of stock were ever issued by said corporation; that no salaries as such were paid to any of its officers, directors, or agents. Each officer actively engaged in the management of the corporation drew from the corporation such funds as were necessary for living or other actual expenses; that in March, 1914, James Henry Gaines died and his heirs succeeded to his interest in the corporation; that two elevators were built, one at Fairland and one at Narcissa, Okla., at an approximate cost of $2,500 each; that the plaintiff operated the elevator at Fairland, and during the last few years it had shown a profit of about $30,000, and that the elevator at Narcissa, operated by Walter Gaines, one of the heirs of James Henry Gaines, deceased, during the same time showed a loss of approximately $30,000; that during the last few years the plaintiff had purchased a quantity of oil land in Texas with funds withdrawn from the corporation, and, for convenience, title was taken in the plaintiff's individual name; that said lands were afterward sold for a profit of more than $50,000, which was turned into the corporation; that the plaintiff expended a great deal of time, labor, and skill and a large amount of his individual money for expenses in the purchase of said lands, and no compensation for plaintiff having been agreed upon by the corporation, he claims reasonable compensation for such services in the sum of $5,000; that for the past two or three years dissatisfaction has arisen in said corporation among the stockholders and directors, and that said defendants are now claiming that their stock interest is greater than that of the plaintiff and that they are entitled to dividends and a distribution of the property of the corporation based upon their claim of 820 shares of the capital stock thereof; that the defendants are about to call a meeting to vote upon the question of dissolving the corporation and to effect an inequitable distribution of its assets; that said corporation should not be dissolved, for

the reason that its charter alone is a valuable asset, being perpetual and having broad powers, and the business of said corporation has been conducted in a profitable manner: that dividends in the sum of $260,000 have recently been declared and paid, which dividends were "incorrectly apportioned among the stockholders"; that according to an oral agreement had between the plaintiff and his brother, James Henry Gaines, at the time of the transfer of its partnership property to the corporation, each of said brothers was to have an equal share in said corporation and was to receive 800 shares of the 1,600 shares into which the $40,000 capital of said corporation had been divided. Plaintiff prayed for judgment as follows:

"Wherefore plaintiff asks that judgment be rendered herein in his favor, against the defendants as follows:

"First. That plaintiff be decreed and adjudged the owner and entitled to all the benefits of 800 shares of the capital stock of said corporation.

"Second. That said corporation be required correctly to distribute by dividends or division all money and property based upon the ownership by this plaintiff of 800 shares of the capital stock of said corporation, whether heretofore or hereafter declared.

"Third. That the individual defendants herein be required to account to said corporation for the sum of $39,118 heretofore withdrawn, upon the basis of the purchase and ownership by plaintiff of 800 shares of capital stock of said corporation, as against the sum of $18,618 withdrawn by plaintiff.

"Fourth. That upon any distribution of the corporate property this plaintiff be awarded said Fairland elevator at its original cost and the improvements thereon, and the individual defendants be required to take the Narcissa elevator at the original cost thereof together with the improvements made thereon, as of July 1, 1931.

"Fifth. That pending final determination of this action the defendants and each of them, be restrained from proceeding to hold any stockholders' or directors' meeting for the purpose of dissolution of the corporation, division of assets, or declaration of dividends.

"Sixth. That plaintiff be allowed the sum of $5,000 as compensation for his services in the transaction wherein he purchased and sold said Texas land for the benefit of said corporation.

"Seventh. That plaintiff recover his cost herein expended."

The defendants answered by denying all the allegations of the petition not specifically admitted; they admit the partnership prior to the organization of the corporation and that James Henry Gaines contributed $1,000 in excess of the amount contributed by the plaintiff at the time the partnership was formed; that the corporation was organized on the 20th day of June, 1907, and a charter was issued under the laws of the United States then in effect in the Indian Territory; that articles of agreement and incorporation were filed in the office of the Clerk of the United States Court of Appeals in the Indian Territory on the 21st day of June, 1907, and a copy of the same attached to the answer as Exhibit "A" and made a part thereof. The articles of incorporation provided for a corporation with $40,000 capital divided into 1,600 shares of $25 each. The tenth clause of said articles provided:

"The first meeting of said corporators for organization shall be held in Vinita, I. T., at the office of W. H. Kornegay at 2 o'clock p. m. on the 20th day of June, 1907, and each subscribes for the number of shares set opposite his respective name.

"In testimony whereof, we have hereunto set our hands, on this the 20th day of June, 1907.

"James Henry Gaines, 820 shares
"Frank Gaines 776 shares
"Walter Gaines 4 shares"

That attached to the articles of incorporation was a certificate executed, signed, and verified by James Henry Gaines, president, Frank Gaines and Walter Gaines, directors on June 20, 1907. The fourth paragraph of the certificate provides:

"Fourth: The names of the stockholders and the number of shares owned by them, respectively, is as follows:

"James Henry Gaines, 820 shares
"Frank Gaines, 776 shares
"Walter Gaines, 4 shares"

That said corporation has been operated under and by virtue of said articles of incorporation since its organization until the present time, and that the plaintiff in this action is estopped from making claim to a greater interest in said corporation than the amount set out in the articles of incorporation; that plaintiff purchased a quantity of oil lands in Texas, and that there was no agreement or authority from the corporation or its stockholders that the plaintiff was to be paid any sum in connection with the purchase and sale of the same, and deny that he is entitled to any compensation

therefor. It is further admitted that the plaintiff on July 8, 1933, addressed a letter to the individual defendants requesting them to bring suit by and on behalf of Gaines Brothers Company, a corporation, to determine the amount of corporate stock held by all of the stockholders and whether or not there had been an equitable division of the dividends of the corporation; that said corporation at all times had been solvent and was solvent at the time of the institution of the suit herein. The defendants pray that their 820 shares of stock held by them be quieted as against the claim of the plaintiff and judgment for $1,000 attorneys' fees and expenses in the defense of this action. The answer was verified, and to the verified answer of the defendants the plaintiff filed a general unverified denial. The defendants objected to the introduction of any evidence based on the "statements in the pleadings," which objection was by the court sustained and the cause dismissed. The plaintiff appeals and presents for review, in effect, this one proposition, "unless there was a total failure to allege some matter which entitled the plaintiff to the relief sought, it was error for the court to sustain the objection to the introduction of any evidence."

It is admitted on the part of the plaintiff and defendants in their pleadings that this corporation, at the time this suit was instituted, was solvent and doing a profitable business. The plaintiff does not allege, either directly or indirectly, that the corporation is being mismanaged or that its property is in danger of being lost to the stockholders through mismanagement, collusion, or fraud of its officers and directors, or through diversion of corporate property to individual officers, or that its stock is being unlawfully issued or its assets dissipated. The plaintiff did not bring this action as a stockholder for and on behalf of the corporation, but brought the same in his individual capacity, praying a court of equity to intercede in a going, solvent corporation, establishing in him certain rights he felt he was entitled to in the affairs of the corporation and to grant him a personal judgment of $5,000 for services rendered on behalf of the corporation in the purchase and sale of certain oil lands. The main contention of the plaintiff is that he is entitled to share equally with the heirs of his deceased brother in the stock of the corporation; that at the time of the organization of the corporation it was mutually agreed between the plaintiff and his now deceased brother that they were to each have and possess 800 shares of the capital stock of the corporation. To this claim of the plaintiff the defendants answered setting forth a copy of the articles of agreement and incorporation of the Gaines Brothers Company, and also a copy of the certificate signed and sworn to by the plaintiff, all of which was executed and filed at the time of the organization of the corporation, showing specifically the interest of each of the organizers of the corporation. As shown by the articles of agreement and incorporation and the certificate, James Henry Gaines owned 820 shares, Frank Gaines, the plaintiff in this action, owned 776 shares, and Walter Gaines owned 4 shares. The plaintiff in his petition does not claim that there has been any change in the stock ownership subsequent to the incorporation of the company. The plaintiff claims that there was an oral agreement between him and his brother after the articles of incorporation were filed that the corporation should take over all the assets of the partnership except the real estate and that they were to share equally in the stock of the corporation. The written, sworn statement of the plaintiff in the articles of incorporation and the certificate made pursuant thereto will take precedence over any oral agreement made at the time, and the plaintiff cannot at this time, nearly 30 years after the organization of the corporation, be heard to say that his interest was any different than the interest sworn to by him at that time, when it is not claimed that through these many years there was any change in the ownership of the stock other than the amounts agreed upon at the time of the organization. The fact that the deceased brother at the time the partnership was formed contributed $1,000 more than the plaintiff in this action supports a very good reason for the difference in the amount of stock issued to the two brothers as shown by the articles of agreement and incorporation and the sworn certificate executed by the plaintiff and filed at the time the corporation was organized. The plaintiff made no effort in his reply to plead around the solemn statements made and sworn to by him in the articles of agreement and incorporation and the certificate issued in connection therewith. By filing an unverified general denial, the plaintiff admitted the execution of these necessary documents constituting the organization of this corporation and obviated the necessity of any proof in that regard. This court in the case of St. Louis & S. F. R. Co. v. Driggers et al., 65 Okla. 297, 166 P. 703, has held:

"That the unverified reply of the plaintiff admitted the execution of the special contracts attached to defendant's answer and made a part thereof, together with their legal effect that must of necessity follow, and this legal effect would be the placing of the contracts before the court with all of the terms and conditions and stipulations contained therein. The admission of the execution of the contract admitted that the contracts were executed with all their terms, conditions, and stipulations expressed therein, and, this being so, there was no issue with reference to the execution of the contracts or their contents, and it was unnecessary to introduce them in evidence. Evidence cannot be admitted except to support some issue of fact made out by the pleadings, and when there is no issue there is no necessity for evidence, and it would be idle ceremony for the court to require or even permit a party to go through the formality of introducing a written instrument attached to the pleadings, the execution of which, with all of its terms, stipulations, and conditions, being admitted by the pleadings." Missouri, K. & T. Ry. Co. v. Isaac & Marx, 79 Okla. 265, 192 P. 1094; Lusk v. Durant Nursery Co., 73 Okla. 269, 232 P. 11; First State Bank of Mangum et al. v. Lock, 113 Okla. 30, 237 P. 606; Spring v. Major, 127 Okla. 279, 260 P. 763; Manglesdorf Seed Co. v. Pauls Valley Grain & Seed Co., 134 Okla. 210, 273 P. 252.

The plaintiff in his reply brief endeavors to circumvent the effect of an unverified denial by relying upon the allegation in his petition "that said partnership, after the organization of said corporation, entered into an oral contract therewith whereby it was understood and agreed by and between said partnership and said corporation that all its partnership assets, property and money, of whatsoever nature or description, were contributed, sold, or exchanged to said corporation, furnishing the sole consideration for all of its capital stock to be distributed one-half thereof to each partner, and that thereby this plaintiff became the owner of one-half of the capital stock of said corporation and said James Henry Gaines was the owner of the other half of the stock thereof."

Plaintiff contends that this oral agreement ripened into an executed agreement and supplanted the written agreement and articles of incorporation, and that under the executed oral agreement the plaintiff was entitled to 800 shares of stock in the corporation. We do not think the plaintiff can escape the binding effect of the written and verified articles and agreement of incorporation under and by virtue of this allegation in the petition. The transfer of the assets of the partnership to the corporation followed as a matter of course, but the interest in the corporation was fixed by the articles and agreement of incorporation. Furthermore, even from the viewpoint of the plaintiff, this alleged oral agreement was never fully executed, because the plaintiff in the conclusion of the same paragraph in his petition specifically says "that no corporate certificates of stock were ever issued by said corporation." We think the learned trial judge was correct in holding that under the pleadings in the case the interest of the plaintiff in the corporation was as reflected in the articles and agreement of incorporation and that the plaintiff was not entitled to the relief prayed for in that regard.

The plaintiff further contends that the individual defendants be required to account to the corporation for certain excess funds withdrawn from the corporation by his deceased brother in his lifetime in excess of the amount withdrawn from the corporation by the plaintiff in the purchase of lands, and that certain property of the corporation be distributed to the plaintiff and to the defendants. In the case of Checotah Hardware Co. et al. v. Hensley, 42 Okla. 260, 141 P. 422, this court has declared the rule with reference to the right of a stockholder to institute proceedings against a corporation, as follows:

"The rule is that shareholders cannot, ordinarily, sue in equity to redress wrongs done to the corporation. The ordinary remedy for such injuries is to be sought primarily through corporate action. But if the directors are guilty of a breach of trust, injurious to the corporate assets, or to the rights of the shareholders or some of them, and if the corporation refuses to institute proper proceedings to restrain or redress such injuries, one or more of the shareholders may proceed in their individual names. In such case, however, it is necessary that the petition contain averments sufficient to create an exception to the general rule, and to establish in petitioners the right to thus proceed." See Cassidy et al. v. Rose et al., 108 Okla. 282, 236 P. 591.

In the absence of any allegations in the petition of negligence, misfeasance, fraud, oppression, or mismanagement on the part of the officers and directors of the corporation, the plaintiff has no standing in a court of equity to enforce an accounting or for dissolution of the corporation. The majority interest in a corporation have a right to dictate the business policy of the company so long as it is done in an honest, reasonable,

competent, and efficient manner. The law has always recognized the right of majority stockholders of a corporation to control its business and affairs, and a court of equity will never interfere with such control except for the very best of reasons. It is admitted in the pleadings of both plaintiff and defendants that the corporation was solvent and was being conducted in a profitable manner. The contention of the plaintiff must fail because the pleadings do not bring him within the rule giving a court of equity the right to interfere in the conduct and administration of a corporation.

The third and last contention of the plaintiff is that he was entitled to offer proof in support of his claim for judgment for $5,000 as reasonable compensation for services rendered the company in the purchase and sale of oil lands in Texas. If this was a proper charge or claim, it could only be against the corporation and not against the individual defendants in this case. Plaintiff claims in his petition that no compensation for this service was agreed upon between the plaintiff and the corporation; the the transaction in the oil lands resulted in a profit of more than $50,000 to the corporation, and that by reason thereof he was entitled to reasonable compensation for his services in the amount of $5,000. At the time of the rendition of this alleged service on the part of the plaintiff he was the managing director of the corporation and as such was withdrawing from the corporation, in lieu of a stated salary, such funds as was necessary to defray his household and other expenses. In the case of Fields v. Victor Building & Loan Co., 73 Okla. 207, 175 P. 529, this court has held:

"A president and general manager of a corporation cannot maintain an action based on a quantum meruit for past services rendered as president and manager when no compensation for such services is provided in the charter or by-laws and no compensation is fixed by any valid resolution passed, prior to the rendition of such services providing for compensation for such services."

Again, this court in very recent case of Kirk Oil Co. v. Bristow, 154 Okla. 188, 7 P. (2d) 682, has held:

"Directors of a corporation for profit cannot recover compensation for services rendered corporation as officers in absence of authority shown by corporate records for payment.

"If the records of a corporation for profit fail to show a by-law or resolution or minutes fixing the salary or compensation of a director therein as a managing officer of such corporation was duly adopted as required by the statutes of this state, parol evidence is not admissible to show that it was."

See Spalding v. Enid Cemetery Ass'n, 76 Okla. 180, 184 P. 579; First Nat. Bank of Allen v. Daugherty, 122 Okla. 47, 250 P. 796; McCulloch v. Perry, 150 Okla. 203, 1 P. (2d) 170.

It would have been necessary for the plaintiff to have resorted to oral testimony to establish his claim for reasonable compensation in the sale of this Texas oil land, which, under the holdings of this court in the cases last cited, he could not do.

The plaintiff in his reply brief very earnestly contends that when the Gaines Brothers Company, a corporation, was organized and chartered on the 20th day of June, 1907, it came under the sovereignty of the state of Oklahoma on November 16, 1907, and its terms of existence, both under the statute and its articles of association, were fixed to expire 20 years thereafter. The plaintiff in his petition alleges that the charter of the company was perpetual and ought not to be dissolved, for it was a very valuable asset possessing broad powers, and the business of said corporation had been conducted in a profitable manner. This question, not having been raised in the pleadings and not having been called to the attention of the trial court, cannot now be raised for the first time in this court. In the case of State Nat. Bank v. Lokey et ux., 112 Okla. 82, 240 P. 101, this court has held:

"Where a proposition of law is not raised in the trial court either directly or by implication, and no objection or exception made or saved, there is nothing for this court to review, and the question cannot be presented in this court for the first time."

See Steiner v. Hughes, 172 Okla. 268, 44 P. (2d) 857.

Giving the judgment of the trial court the consideration to which it is entitled, and after a careful reading of all the pleadings, we are convinced that the trial court was right in sustaining the objection to the introduction of any evidence on the part of the plaintiff under the pleadings in the case and the resulting dismissal of the action.

Judgment affirmed.

The Supreme Court acknowledges the aid of Attorneys Richard A. Billups, Oliver C. Black, and George Barnes in the preparation of this opinion. These attorneys con-

stituted an advisory committee selected by the State Bar, appointed by the Judicial Counci , and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Billups, and approved by Mr. Black, to which Mr. Barnes concurred in part and dissented in part, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.